*Harris v. Mills et al.*

---

JOHN H. HARRIS, Appellant, *v.* EDWIN MILLS *et al.*, Appellees.

### APPEAL FROM MARSHALL.

Where the note for the security of which a mortgage was given is barred by the statute of limitations, the right to foreclose is also barred; unless the mortgage contains a covenant for the payment of the money when it might be, that the mortgage would only be barred by the time fixed for the limitation in such cases.

As a general rule, courts of equity follow the law, in allowing limitations; a bar of the statute at law, is a bar in equity; and the admissions necessary to remove the bar at law will do so in equity.

When the statutory period necessary to bar a recovery at law has passed, a foreclosure in equity will be barred.

THE facts of this case are stated in the opinion of the court by Mr. Justice WALKER; the same case was before the court at a prior time, and will be found reported in volume 25 of these Reports, at page 165.

The decree appealed from, was rendered by HOLLISTER, Judge, at the October term, 1861, of the Marshall Circuit Court.

W. H. HOMES, and J. M. SCOTT, for Appellant.

H. M. WEAD, and E. M. POWELL, for Appellees.

WALKER, J. This bill was exhibited to foreclose a mortgage, given to secure a note alleged to have been lost. The

mortgage bears date the 12th of May, 1837, and recites a note for seven hundred dollars. The note is alleged to have been given on the 9th of April, 1836, by Edwin Mills to appellant, due on the 9th day of September, 1838. The mortgage was not recorded until the 8th day of November, 1855, and appears never to have been acknowledged. It also appears that Edwin Mills, on the 13th day of January, 1839, executed a mortgage on the same land, to secure two thousand dollars, to Harlow Mills, for indebtedness due to him. This latter mortgage was acknowledged and recorded. Edwin Mills, on the 17th day of February, 1842, conveyed the mortgaged premises to Harlow Mills, for the expressed consideration of two thousand dollars. This deed was recorded on the 4th of August, 1842, in the proper office.

The bill charges, that this deed and mortgage, from Edwin to Harlow Mills, are without consideration, and are fraudulent and void. It is also charged, that they were taken by Harlow, with full notice of appellant's prior mortgage. The answer alleges, that a consideration was given, and denies all notice of the prior mortgage. The answer also sets up, and relies upon, the lapse of more than sixteen years after the maturity of the note and before the exhibition of the bill, as a bar to a foreclosure. On the hearing, the court below dismissed the bill and rendered a decree against complainant for costs, to reverse which he prosecutes this appeal.

The principal question presented by this record is this : the statute of limitations having barred a recovery by suit on the note, does it form a bar to a foreclosure of the mortgage by bill in equity ? Had this been an action on the note, over sixteen years having elapsed after the maturity of the note, the recovery would have been barred. If such an action had been instituted, and a recovery defeated, the judgment could have been interposed as a successful bar to a foreclosure. Or, had an ejectment been brought, and the bar of the statute allowed, to defeat a recovery, against Harlow Mills or those holding under him, the judgment might also have been relied upon to prevent a decree of foreclosure. Or, had a *scire facias* been sued, and had the statute of limitations been suc-

cessfully interposed to defeat a recovery, the judgment might have been pleaded, to avoid a foreclosure by bill. When the party has elected one of several remedies, and it results in a judgment against the mortgagee, that judgment becomes as complete a bar to a proceeding in a different form for a foreclosure, as payment, release, or other discharge.

The question, however, still recurs, whether, after several remedies have been barred, but not established in a legal proceeding, the bar may be relied upon in other and different remedies? As a general rule, courts of equity follow the law, in allowing the defense of the statute of limitations. A bar of the statute, at law, forms a bar in equity. Story's Eq. Pl., § 500, § 751. In equity, as at law, an acknowledgment that a debt is due, and a promise to pay it, will take it out of the operation of the statute. If the mortgagor is permitted to remain in possession twenty years after a breach of the condition, the right to file a bill to foreclose will be generally considered as barred and extinguished. Though in cases of this description, as the law is not positive, but is based upon presumption of payment, it is open to be rebutted by circumstances. 2 Story's Eq., § 1028, b. This court has repeatedly held, in conformity to the general doctrine announced by the adjudged cases, that the debt is the principal thing, and the mortgage is the incident. That the latter follows the consideration of the former. That an assignment of the note operates *ipso facto* to transfer the mortgage. That a payment, release or other discharge of a note, satisfies and releases the mortgage. If we are to be controlled by analogy, no reason can be perceived why a bar to a recovery on the note should not produce the same effect on the mortgage.

In Great Britain it is usual to insert in the mortgage itself a covenant for the payment of the money. When such a covenant is found in the mortgage, it being under seal, and the debt, to secure which it was given is not, a bar to a recovery of the debt, if of a shorter period than a bar to a sealed instrument, could not affect the remedy on the covenant in the mortgage. If the statutory period necessary to bar an unsealed instrument be of shorter duration than a sealed

instrument, a mortgage containing such a covenant given to secure the payment of a debt evidenced by an unsealed note, would be governed by the longer period required to bar a recovery on sealed instruments. The mortgage, in this case, contains no such covenant. This being so, renders the decisions of the British courts on mortgages containing such covenants, and given to secure simple contracts, inapplicable to this case. The statute having barred a recovery on the note, because according to the theory upon which the statute is based, the presumption is that the debt has been paid. There is no evidence in this record showing any promise, to take it out of the operation of the statute.

These statutes are, emphatically, statutes of repose. Without their aid, litigation would never be barred, and titles and possession of property would never be quieted. By the efflux of time, the loss of evidence, the death of witnesses, and the failure of memory, were it not for the bar of these statutes, great injustice would result. These considerations have induced all civilized nations to adopt such laws, differing in detail, and in the period necessary to operate as a bar, but all based upon the same principles, and to attain the same object. Nor need such enactments work injustice. Persons under disability, have allowed to them ample opportunity, after the disability ceases to exist, for the assertion of their rights, and those not under disability, have also ample opportunity, within the period of limitation, to assert theirs. To avoid loss, the creditor has only to use reasonable diligence, to avoid the bar of the statute.

It has been said, that no length of time will bar a foreclosure by a mortgagee out of possession. This is placed upon the ground that the relation of landlord and tenant is supposed to exist between the parties. But such is not the true relation of the parties. For some purposes, and to a limited extent only, a portion of the incidents are the same. To a limited extent, and for some purposes, the relation of vendor and vendee, and trustee and *cestui que trust*, also exists. The relation which the parties bear to each other, is peculiar to itself, partaking in some degree of the incidents of these other rela-

tions, but analogous in all particulars to no one of them. Whilst a tenant, until he surrenders the possession to the landlord, cannot rely upon the statute, yet the · mortgagor, by acquiring an outstanding title, and occupying the premises under it for the period, and upon the conditions imposed by the statute, may invoke its aid to prevent a foreclosure. Nor is he, like a tenant, required to account for rents and profits, bound to repair, nor is he impeachable for waste. Other courts have held, and such is clearly the weight of authority, that when the statutory period necessary to bar a recovery at law has elapsed, it will bar a foreclosure. *Christophers* v. *Sparke*, 2 Jacob and W. 234; *Jackson* v. *Wood*, 12 J. R. 242; *Giles* v. *Barremore*, 5 J. R. 545; *Waterman* v. *Haskins*, ibid. 283; *Jackson* v. *Myers*, 3 J. R. 383; *Baker* v. *Evans*, 2 Car. S. R. 614; *Hugh* v. *Edwards*, 9 Wheat. 497; *Moore* v. *Cabble*, 1 J. Ch. R. 385. We are, therefore, for these reasons, of the opinion, that when the note became barred by the statute, the right to foreclose also became barred, unless the mortgage had contained a covenant for the payment of the money, when it might be that it would require twenty years to produce that effect, as an ejectment would not be barred, under the general limitation law, before that period, unless it be under the seven year limitation acts. No error is perceived in dismissing complainant's bill, and the decree of the court below must be affirmed.

*Decree affirmed.*