## Banta v. Wood *et al.*

1. **Foreign attachment: JURISDICTION: JUDGMENT.** A judgment in attachment proceedings, where service of notice is made by publication, binds only the property attached, and cannot be enforced *in personam.* Upon it, property of the defendant other than that seized under the attachment, cannot be sold; nor does it operate as a lien thereon.

2. —— MORTGAGE. The fact that the plaintiff held a mortgage upon lands other than those attached, to secure the claim sued upon, does

not vary the rule, nor render the mortgaged property liable to be subjected to the judgment in the attachment proceeding.

3. Mortgage; RIGHT OF ACTION. The holder of a note secured by mortgage upon real estate may waive a foreclosure, and maintain an action at law on the note alone.

4. Original notice; SERVICE BY PUBLICATION. Where an order directs the publication of an original notice in a weekly newspaper for four consecutive weeks, in conformity with the statute, the service will be deemed complete on the fourth issue of the paper containing it, though four weeks have not actually elapsed between the dates of the first and last publication.

5. —— AFFIDAVITS BY ATTORNEY. That the affidavit upon which the order of publication was made, and the one showing that the residence of the defendant was unknown, were made by the plaintiff's attorney instead of by the plaintiff himself, and contained no showing as to affiant's means of knowledge, or the reason why the affidavits were not made by the plaintiff, will not vitiate the judgment.

*Appeal from Story District Court.*

SATURDAY, OCTOBER 21.

ACTION in chancery to set aside a judgment of the district court of Story county, to avoid a certain sale of lands thereon and the sheriff's deed made under such sale, and to quiet the title to lands involved in the action. Plaintiff's petition was dismissed and he appeals to this court. The facts appear in the opinion.

*J. S. Frazier* for the appellant.

*Thompson & McCall* and *Withrow & Wright* for the appellee.

BECK, J.— January 30, 1860, John G. Woods brought his action, at law, against John Banta, upon a promissory note. The petition, in addition to the usual averments, sets out that defendant and his wife, to secure the promissory note sued on, executed a mortgage upon the

north-west ¼ of north-west ¼ of section 3, township 82 north, range 21, west of the 5th principal meridian in this State; and, also, upon twelve acres of land, which is properly described, in section 26, township 83, range 22, west of same meridian. The petition further alleges, that the land, so mortgaged, is "inadequate to satisfy" the amount due upon the note. The foreclosure of the mortgage is not prayed for in the petition, and no relief is asked upon it. The petition shows that the defendant is a non-resident of the State and has disposed of his property, in part, with intent to defraud his creditors. Judgment is claimed for the amount due upon the note, and plaintiff asks that an attachment issue for the amount claimed in the action not secured by the mortgage. An attachment was issued and levied upon the south-west ¼ of north-west ¼, section 3, and the east ½ of north-east ¼ of section 4, in township 82, range 21.

A notice directed to defendant, requiring him to appear and defend said action, within thirty days, was issued and returned not found, February 4, 1860. Upon this return the clerk ordered publication to be made, according to law, in a newspaper named in the order.

On the same day plaintiff made application to the county judge of Story county for an order of publication, based upon the affidavit of his attorney, stating the pendency of the action, the non-residence of defendant, and that he cannot be found within the State, and the nature of the claim. On the 6th day of the same month, the county judge ordered publication to be made, as provided by law, in the same newspaper indicated by the order of the clerk. On the 7th day of March following, upon another application and affidavit of plaintiff's attorney, the county judge made a second order of publication, not only specifying the newspaper in which the notice should be printed, but also the days of the first and last publication. A notice was published requiring defendant to appear on or

before the morning of the second day of the "next term" of the court. The affidavit offered in proof of the publication of this notice shows that it was duly published for four consecutive weeks, the first publication being on the 8th day of March, 1860, and the last on the 29th. An affidavit, showing that plaintiff was ignorant of the place of residence of defendant, so that no copy of the petition and notice could be sent to him, was filed. On the second day of the term (April 10) judgment was rendered against defendant, and it, was ordered therein "that execution issue against property attached."

On the 6th of June, 1860, there was issued upon this judgment a special execution directing the sheriff to sell the real estate mortgaged, as well as the lands attached, describing the several tracts as they are above described. Upon this execution all of these lands were sold to the plaintiff in execution and a sheriff's deed executed therefor.

Wood, the defendant, conveyed the land in controversy in this suit, the west ½ of north-west ¼ section 3, township 82 north, range 21 to Morris, who in turn conveyed to L. C. McCall. Both Morris and McCall are made defendants in this suit. Plaintiff herein is the minor heir of John Banta, now deceased.

The petition in the case now before us alleges that the judgment sale and sheriff's deed in the former case are void on account of the want of jurisdiction of the court over the person of the defendant in the action, and the land in controversy. We will proceed to notice the different objections made to the proceedings, so far as may be necessary to determine the case.

I. It will be observed that the north ½ of the land in controversy is covered by the mortgage, but was not

1. FOREIGN AT- attached. The south ½ was attached but
TACHMENT:
jurisdiction: is not covered by the mortgage. The whole
judgment. tract was sold upon the execution. Is the sale

Banta v. Wood.

and deed of that part of the land not attached valid? The answer to this question will determine the rights of the parties, so far as that part of the land is concerned, without the consideration of other points raised in the case. A judgment in attachment, when service of notice is had by publication, binds only the property attached, and cannot be enforced *in personam*. Upon it the property of the defendant, other than that seized upon the attachment, cannot be sold, nor does it operate as a lien upon any other property. It is in fact a judgment *in rem* and is of no effect against other property of the defendant. Defendants therefore acquired no title to that part of the property which was not attached.

The fact that the north ½ of the land is covered by the mortgage, which fact is set out in the petition in the action upon the note, does not give validity to the judgment as to that part of the property. No remedy or right is, in that action, claimed or sought under the mortgage, and it is not pretended that the mortgage was foreclosed in the proceeding.

2.——mortgage.

Section 2087 of the Code of 1851 provides, that when an action is brought upon a note secured by mortgage, the property mortgaged may be sold upon the judgment, which shall be a lien thereon from the date of the recording of the mortgage. But this section contemplates a judgment rendered in a proceeding wherein the court acquired jurisdiction either of the person of defendant or of the mortgaged premises. The provision certainly was not intended as an attempt to confer validity upon a judgment when the court had acquired jurisdiction neither of the person of defendant, nor of the subject-matter of the action. Had there been personal service of the notice, or had the mortgaged land been attached, the provision in either case would operate in aid of defendant's rights. It is not applicable to this case under its peculiar facts.

VOL. XXXII.— 60

II. Plaintiff's counsel claims that, as the note was secured by mortgage, the remedy in that case was by
3. MORTGAGE: foreclosure, and that an action in another
right of action. form could only have been sustained after the land mortgaged was exhausted upon the foreclosure. But it certainly was competent for the plaintiff to waive the foreclosure and enforce the note by an action at law. This course, when parties chose to pursue it, was contemplated by section 2086 and 2087 of the Code of 1851.

III. It is urged by plaintiff's counsel that the publication of the original notice is insufficient.. It was properly
4. ORIGINAL ordered under chapter 240, acts sixth General
NOTICE: ser- Assembly. But it is claimed that the time of
vice by pub-
lication. publication does not comply with the law. The order for the publication, conforming to the statute, directs that it be made for four weeks, that is, printed in four issues of a weekly newspaper. The service was completed at the last publication. § 1, ch. 240, acts sixth General Assembly. This was ten days before the term of court, as required by the Code, section 1720.

IV. Objections are urged to the affidavits upon which the publication was ordered, and the affidavit to the fact
5. —— affidavits that the place of residence of defendant was
by attorney. unknown. These were made by the attorney for plaintiff in the case, and not by the plaintiff himself; and they do not explain the affiant's means of knowledge or the reason why they were not made by the plaintiff. These are not such objections as would, even if well taken, vitiate a judgment. The affidavits, under the statute in force at that time, were required to inform the court or judge ordering the publication of this notice or entering judgment, of the existence of such facts as authorized him to exercise the authority conferred by law in each case. They were in the nature of evidence before him. If sufficient, in his judgment, to authorize the particular order or judgment demanded, its sufficiency cannot now be ques-

tioned. But we think the affidavits were sufficient and were properly made by the attorney of the party.

It follows from the foregoing views that defendant's title to one-half of the land in controversy, viz., the south-west $\frac{1}{4}$ of north-west $\frac{1}{4}$, section 3, township 82 north, range 21, is valid, but as to the other half, the north-west $\frac{1}{4}$ of north-west $\frac{1}{4}$, section 3, township 82 north, range 21, it cannot be sustained. A decree will be entered in this court dismissing plaintiff's bill as to the first-described land, but granting the relief prayed for by plaintiff as to the other tract. The defendants will pay the costs of this court as well as the court below.

Modified and affirmed.