|43   103|
|106  521|

## BROWN v. CASCADEN.

1. **Mortgage:** COVENANT. A valid covenant may be inserted in a mortgage, binding the mortgagor to pay the amount secured thereby at the time specified.

2. ——: ACTION: PRACTICE. A mortgagee is not confined to the remedy of foreclosure, but may maintain an action at law upon the note, bond or other obligation secured by the mortgage.

3. ——: ——: ——. If the covenant for payment, or obligation, is contained in the mortgage, that may be made the basis of the action at law.

4. ——: CONTINUANCE: PRACTICE. If separate actions are commenced upon the covenant for payment of the money and for the foreclosure of the mortgage, the plaintiff may elect which he will pursue, and his election of the one will have the effect to continue the other.

*Appeal from Black Hawk Circuit Court.*

THURSDAY, APRIL 20.

ACTION at law to recover the amount of money due upon a mortgage. There was a judgment rendered by the Circuit Court, dismissing the cause; from which plaintiff appeals. The facts of the case appear in the opinion.

*Boies, Allen & Couch,* for appellant.

The mortgagee may exercise all his rights at the same time, and pursue his remedy in equity upon the mortgage and his remedy at law upon the bond or covenant accompanying it concurrently. (4 Kent's Com., 183.)

*J. S. George, Ordway & Husted* and *Miller & Preston,* for appellee.

Where a contract is entered into for a fraudulent or illegal purpose, and any part of such contract remains unexecuted, the law will not compel the contractor to perform his engagement or pay damages for non-performance. (*Nellis v. Clark,* 20 Wend., 24; s. c., 4 Hill, 424; *Gray v. Hook,* 4 Comst., 449.) A note transferred before maturity without notice is not subject to equities, while a mortgage, though transferred before maturity and without notice, is still subject to equities in the hands of the holder, and he may have judgment on the note, but be defeated on the mortgage. (*Olds v. Cummings,* 31 Ill., 188.) In this case the mortgagee can have only a foreclosure of the mortgage in equity, without a personal liability against the appellee for any deficit. (*Elmore v. Higgins,* 20 Iowa, 250.)

BECK, J.—The mortgage, which is the foundation of this action, was executed in Ontario, and conveys lands, situated in that province, to secure the payment of $971.75 to the mortgagee named in the instrument, by whom it was assigned and transferred to plaintiff by proper writing. Among other covenants, the following appears in the mortgage: "And the said party of the first part (the mortgagor) covenants with the said party of the third part (the mortgagee), that he will pay the said mortgage money and interest on the days and times aforesaid." The petition declares on the mortgage, and contains proper averments of the transfer to plaintiff, the failure of defendant to pay the money secured by, and covenanted to be paid in, the instrument.

Upon the trial, plaintiff offered in evidence the mortgage

and assignment, which, upon objection by defendant, were not admitted, on the ground that an action at law could not be brought thereon. No other evidence being offered, the court dismissed the action.

The ruling of the court in refusing to admit in evidence the mortgage and assignment, and the judgment dismissing the case, present the only question discussed in the argument of appellant.

The covenant found in the mortgage is for the payment of the money mentioned therein. It is no part of the conditions of the instrument, and in no way pertains to the conveyance of the land. It is not a covenant securing the mortgagee against the failure of the title or warranting possession and enjoyment of the land. It is simply an obligation binding the mortgagor to pay the money. We know of no rule of law which will invalidate such a covenant, when found in a mortgage.

*1. MORTGAGE: covenant.*

If valid and binding upon defendant, no reason can be given why an action cannot be maintained upon it.

A mortgagee is not confined to his remedy of foreclosure of the mortgage; he may bring his action at law upon the note, bond or other obligation for the money, which is secured by the mortgage. *Banta v. Wood*, 32 Iowa, 469; *Knetzer v. Bradstreet*, 1 G. Greene, 382; 4 Kent's Com., 183.

*2. ——: action: practice.*

Chancellor Kent, in *Dunkley v. Van Buren et al.*, 3 Johns. Ch., 320, says: "It seems to be generally admitted in the books that the mortgagee may proceed at law on his bond or *covenant*, at the same time that he is prosecuting on his mortgage in chancery; and, after foreclosure, may sue at law on his bond for the deficiency."

If the covenant or obligation is found in the mortgage, the suit at law may be based thereon. The language of Chancellor Kent applies to such a case.

*3. ——: ——. ——.*

If separate suits are brought upon the covenant for the payment of the money and on the mortgage, the plaintiff must elect which to prosecute. The other will be *continued*. Code, § 3320. This provision contem-

*4. ——: continuance: practice.*

plates an action at law to recover the money secured by the mortgage. *Banta v. Wood, supra.*

These familiar provisions and principles of the law lead us to the conclusion that plaintiff's action was properly brought upon the covenant for the payment of the money found in the mortgage, and that instrument, as well as the assignment thereof, should have been admitted in evidence.

Other questions presented in the assignment of errors are not discussed in the argument of plaintiff's counsel; we are required to regard them as waived.

REVERSED.