(4 App. Div. 298.)

DINNINY v. GAVIN et al.

(Supreme Court, Appellate Division, Third Department.　April 14, 1896.)

1. CHATTEL MORTGAGES—PROMISE TO PAY DEBT.
　　A recital in a chattel mortgage that it is given to secure certain promissory notes which the mortgagors "hereby agree to pay" is a promise to. pay the mortgage debt.

2. SAME—TAKING PROPERTY IN SATISFACTION.
　　The right to recover a personal judgment against the mortgagors cannot be defeated on the ground that the mortgage was not foreclosed for more than a year after the mortgagee took possession of the mortgaged property, and that he should therefore be held to have taken possession in full satisfaction, where the delay was acquiesced in by the mortgagors,. and they hired and used the property as tenants of the mortgagee.

3. LIMITATION OF ACTIONS—NOTES SECURED BY CHATTEL MORTGAGE.
　　An action on a covenant in a chattel mortgage to pay the mortgage debt is not barred because the notes which the mortgage was given to secure are barred by limitation.

Appeal from circuit court, Chemung county.

Action by Ferral C. Dinniny, as surviving partner of the Butler Colliery Company, against Joseph E. Gavin and another.　From a judgment entered on a verdict directed by the court in favor of plaintiff, defendants appeal.　Affirmed.

The defendants, July 13, 1883, gave the plaintiff's firm a chattel mortgage, under seal, upon the lease of the coal yard, of which the defendants were in possession as tenants, and upon the horses, wagons, etc., which they used in conducting their coal business, to secure the payment to said firm of $1,568.79, being the sum of four promissory notes, of the same date, aggregating the same amount, payable, respectively, in 3, 6, 9, and 12 months, with interest, "which the said Joseph E. Gavin and James T. Gavin hereby agree to pay."　The mortgage contained the usual power, in case of default,. to enter and take possession of the mortgaged property, and to sell the same at public or private sale, and to apply the avails to the payment of the debt.. The defendants being in default in payment, the plaintiff's firm took possession of the property in the latter part of 1884, and, about a week later,. leased it to the defendants, reserving to themselves some rights in the yard.. The defendants remained in possession under this arrangement until December 11, 1886, when the plaintiff's firm foreclosed the mortgage, and sold. the mortgaged property, realizing $255.75.　This action was commenced in. December, 1893, to recover the balance unpaid upon the mortgage; the plaintiff relying upon the covenant of the defendants contained in the mortgage to pay the notes or their amount.　The defendants pleaded the statute of limitations, and, in effect, that the mortgagees, by taking possession of the mortgaged property in September, 1884, and not foreclosing the mortgage until December, 1886, thereby became liable for the value of the property at the time they took possession of it; and they offered to prove that such value was $1,800, but, upon plaintiff's objection, the evidence was not received.　The court directed a verdict for the plaintiff for $1,910.11, being the amount of the mortgage debt, with interest, less $54.18, paid by defendants,. and $255.75, the sum realized upon the foreclosure sale, and $300, the rent paid by defendants to the plaintiff's firm from September, 1884, to December, 1886.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Mackey & Draper, for appellants.
Reynolds, Stanchfield & Collin, for respondent.

LANDON, J. We think the mortgage, which is under seal, contains a covenant by the defendants to pay the amount for which the mortgage was given. The defendants thereby agree, under seal, to pay it, and that is enough. Booth v. Mill Co., 74 N. Y. 15.

The fact that the statute of limitations bars recovery upon the notes does not bar it upon the covenant in the mortgage. The notes are not paid. The remedy upon them is barred. But it is not barred upon the covenant in the sealed instrument, and the plaintiff is at liberty to resort to that covenant to secure payment of the debt due him. Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638.

The defendants urge that, because the mortgagees did not foreclose the mortgage until more than a year after they took possession of the mortgaged property, they should be held to have taken possession of it in full satisfaction of the mortgage, or should credit upon it the full value of the property at the time they took possession of it. The delay in the foreclosure was acquiesced in by the defendants, by their hiring and using the property as tenants of the mortgagees. The trial court credited them, upon the mortgage debt, with rent they paid. Thus the defendants had the benefit of the delay, and of the wear and tear of the property, and of its depreciation in value. The sale upon the foreclosure fixed the value of the property, its fairness not being impeached. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000.

The judgment should be affirmed, with costs. All concur.