NEW ENGLAND MORTGAGE SECURITY COMPANY *v.* REDING.

Opinion delivered July 9, 1898.

MORTGAGE FORECLOSURE—LIMITATION.—Where a mortgage contains a covenant to pay the debt secured, the period of limitation to a suit to foreclose it is ten years, as in case of suits on sealed instruments, although the note which witnesses the debt is not under seal, and consequently is governed by the statute of five years. (Page 490.)

Appeal from Johnson Circuit Court in Chancery.

JEPHTHA H. EVANS, Judge.

### STATEMENT BY THE COURT.

Action to foreclose a deed of trust or mortgage executed by defendants. The deed contained, among others, the following stipulations: "But this conveyance is made in trust for the following purposes only, that is to say: That whereas, the party of the first part is justly and lawfully indebted to the party of the third part in the sum of three hundred dollars, for that amount loaned by the party of the third part to said party of the first part, which is evidenced by the promissory note of said party of the first part for said sum bearing even date with these presents;  *  *  *  and whereas, said parties of the first part desire and intend by this deed more effectually to secure and make certain the payment thereof;  *  *  *  said first parties agree to pay to said third party, or order, at the office of the Corbin Banking Company, in New York, three hundred dollars on the 5th day of March, 1889, with interest thereon from date until paid at the rate of eight per cent. per annum, payable annually according to the one promissory note and coupons thereto attached of the said John A. and Isabel Reding.  *  *  *  Now, if the said first parties shall pay off and discharge said indebtedness in manner provided, and comply and conform with all the agreements and stipulations herein set forth, then

this conveyance is to be entirely void.    *   *   *    But should said first parties fail to pay any of said money hereby secured, either principal or interest, when the same becomes due, then the trustee may sell, etc."

The other facts sufficiently appear in the opinion.

*Watson & Fitzhugh,* for appellants.

Where a mortgage contains an express promise to pay the debt secured by it, this is a covenant under seal, and the five year limitation does not apply.    43 Ia. 103; 1 Jones, Mortg. § 72, note 5; *ib.* § 353; 148 Ill. 658; 2 L. R. A. 141; 98 Ind. 37; 106 Ind. 335 and 336; 2 Jones, Mortg. §§ 1225, 1207; 61 Ark. 119, 120.

*A. S. McKennon,* for appellees.

The promise relied upon by appellant adds nothing to the promise in the notes to pay the debt.    61 Ark. 116; 64 Ark. 305.

RIDDICK, J., (after stating the facts.)    This action was brought by the appellant, the New England Mortgage Security Company, to foreclose a mortgage executed by John A. and Isabel Reding.    The defendants, for answer, pleaded the five years' statute of limitations, and, a demurrer being filed thereto, the same was overruled by the circuit court, the answer was sustained, and afterwards a final decree was entered against plaintiff, dismissing its action.

The only question to determine is whether the statute of limitations of five or ten years applies to plaintiff's action. The mortgage was executed on the 5th day of March, 1884, to secure the sum of three hundred dollars which plaintiff loaned defendants, and which defendants agreed to repay on the 5th day of March, 1889, with interest.    Defendants made two separate written agreements to pay the debt, one contained in a promissory note, and one in a mortgage, both of which were executed on the same day.    The note was not under seal, but the mortgage was under seal.    The plaintiff founded this action upon the covenant contained in the mortgage, and contends that, as the mortgage was under seal, the statutory period of

limitation applicable to it is ten, and not five, years, as determined by the circuit court.

Our statute provides that "in suits to foreclose or enforce mortgages or deeds of trust it shall be sufficient defense that they have not been brought within the period of limitations prescribed by law for a suit on the debt or liability for the security of which they were given." Sand. & H. Dig., § 5094. The object of this statute was to prevent foreclosures after the right to sue upon the debt secured by the mortgage had been barred. It makes no attempt to change the statute of limitations in reference to the debt itself, but affects only the right to foreclose. In order, then, to determine whether the right to foreclose is barred, it is only necessary to consider whether, apart from the statute above quoted, the plaintiff's right to recover a personal judgment is barred. Now, this mortgage was executed prior to the act of 1889 reducing the period for bringing actions on writings under seal from ten to five years, and that act does not apply. Sand. & H. Dig., § 4828.

The mortgage contains an express covenant on the part of defendants that they will pay to the plaintiff the sum of three hundred dollars with interest thereon from date until paid at the rate of eight per cent. per annum; and, as this promise was under seal, the right of plaintiff to sue upon it was not barred until after ten years from the time his cause of action accrued. *Holiman* v. *Hance*, 61 Ark. 119; *Vaughan* v. *Norwood*, 44 *ib.* 101; *Harris* v. *Mills*, 28 Ill. 44, S. C. 81 Am. Dec. 259; *Brown* v. *Cascaden*, 43 Iowa, 103; 2 Jones, Mortg. §§ 1207, 1225. So long as either of the obligations executed by defendants promising to pay the debt secured by the mortgage was not barred, the mortgage itself was not barred.

The decision in case of *American Mortg. Co.* v. *Milam*, 64 Ark. 305, is not in conflict with our conclusion here. In that case the plaintiff alleged that the mortgage was executed to secure a promissory note. The defendant pleaded that the note was barred, and upon this issue the case was determined in the circuit court. When the case came here, the court held that the plaintiff must stand by the issues as presented in the circuit court; and, taking the allegations of the complaint as true against the plaintiff, the court held that, the note being barred,

the right of action upon the mortgage was barred.    In this case the plaintiff, as before stated, founded his action, not upon the note, but upon the covenant in the mortgage.    As the promise to pay was under seal, and as the action here was commenced in less than ten years after the same accrued, we are of the opinion that the circuit court erred in holding that it was barred by statute of limitations.

The judgment of circuit court is reversed, and the case remanded, with an order that the demurrer to the answer of defendant be sustained, but with leave to amend if they so desire.