LEMBECK & BETZ EAGLE BREWING COMPANY, A CORPORATION OF NEW JERSEY, RESPONDENT, v. OTTO H. KRAUSE, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

It is no defence to an action upon a covenant, contained in a chattel mortgage, to pay a certain promissory note, to secure which the mortgage was given, that suit on the promissory note is barred by the statute of limitations.

---

On appeal from the Bergen County Circuit Court.

For the appellant, *Hart & Vanderwart.*

For the respondent, *D. Eugene Blankenhorn.*

The opinion of the court was delivered by

KALISCH, J. This appeal is from a summary judgment ordered and entered in the Bergen Circuit Court under the following circumstances:

The plaintiff's claim for which judgment was entered against the defendant appears to have arisen out of a transaction wherein the defendant, who being indebted to the plaintiff gave it a promissory note for $2,700, and a chattel mortgage to secure the payment of the same, and which latter instrument contained a condition which reads as follows: "If the party of the first part shall and do well and truly pay unto the said party of the second part, its successors, executors, administrators or assigns, on demand, the just and full sum of twenty-seven hundred dollars according to the tenor of a certain promissory note of even date herewith and made by the party of the first part to the said party of the second part," and contained this covenant: "And I, the said party of the first part, for myself, my heirs, executors, administrators and assigns do hereby covenant, promise and agree to and with the said party of the second part, its successors and assigns, to pay the said sum of money and interest above mentioned at the time and times and in the manner above mentioned."

Remedy by action on the promissory note was barred by the statute of limitations. The plaintiff brought his action upon the covenant above set forth. The defendant in its answer denied that the plaintiff demanded payment from the defendant of the sum of $2,700 and denied that he refused and neglected to pay the same. The answer also denied the truth of the seventh paragraph of the complaint which alleged that the sum of $2,700 was not paid, and the whole thereof, together with interest, was due and owing from defendant to plaintiff.

As a first defence the defendant set up that the action al-

leged in the complaint did not accrue within six years before the beginning of the action. The second defence relied on was that there was no covenant in the chattel mortgage on the part of the defendant to pay moneys to the plaintiff. The third and fifth defences, in substance, set up that the plaintiff's only remedy was on the note and that that was barred by the statute. The fourth defence denies that there was any consideration for the chattel mortgage. The plaintiff under the Practice act gave due notice to defendant, that he would move to strike out the answer upon the ground that it disclosed no legal defence to the action and that he would also move for a summary judgment for the amount due plaintiff on affidavits, properly verified, which were annexed to the notice, and which set out facts which justified the circuit judge in finding that the defendant had no meritorious defence to the action. It further appears that the defendant made no reply to the moving affidavits and, therefore, under the rules relative to summary judgments, so far as the merits of the case were concerned, the plaintiff was entitled to judgment.

The appellant's contention that there was no valid consideration for the covenant in the mortgage is completely refuted by the undisputed facts in the case. Equally unsubstantial is the claim that the covenant in the chattel mortgage is not a covenant to pay the plaintiff the sum of $2,700.

The fact that remedy by action upon the promissory note was barred by the statute of limitations did not have the legal effect to extinguish the obligation created either by the note or the covenant in the chattel mortgage. The debt could only be discharged by payment. Although the remedy on the note for which the chattel mortgage was given as collateral security was barred by the statute, the action upon the specialty—the covenant in the mortgage—was not. *Wagoner* v. *Watts,* 44 *N. J. L.* 126; *Colton* v. *Depew,* 60 *N. J. Eq.* 454.

The action of the court below in striking out the answer and ordering a summary judgment was proper.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.