GOTTFRIED KRUEGER BREWING COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. JOHN REMEK, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Nathan Duff*.

For the respondent, *Lionel P. Kristeller* (*Jacob L. Newman* and *Saul J. Zucker,* on the brief).

The opinion of the court was delivered by

PARKER, J.   The suit is for deficiency arising out of the sale of saloon fixtures under a chattel mortgage.   The mortgage, which was sealed, bears dated May 8th, 1922, and is to secure a note of that date, not sealed.   The property was sold April 4th, 1932, and there was a deficiency of $620 for which this suit was brought.   Defendant pleaded the six years statute of limitations.   The case was tried without a jury, and the trial judge held that plaintiff was entitled to recover by virtue of the mortgage, although the statute had run against the note.

We think that this was error.   The mortgage in this case contains no covenant to pay the debt evidenced by the note, and in this respect differs materially from the mortgage considered in *Lembeck & Betz Brewing Co.* v. *Krause,* 94 *N. J. L.* 219.   That mortgage contained an express covenant to pay, under seal, and it was that fact, and that only, which enabled the mortgagee to escape the bar of the statute as

against the note. An analogous situation existed in *Wagoner* v. *Watts,* 44 *Id.* 126; 45 *Id.* 184, where a surety was held, though limitation had run as to the principal. In such cases as *Blue* v. *Everett,* 56 *N. J. Eq.* 455, and *Colton* v. *Depew,* 60 *Id.* 454, this court upheld the right to enforce a mortgage lien short of twenty years, though the sixteen years limitation had run against the bond: but we find no suggestion in any of the cases that a suit on such bond for deficiency would lie after sale. In the very recent case of *Grennon* v. *Kramer,* 111 *Id.* 337, the attempt was to enforce the lien of a mortgage securing notes outlawed by the statute, but not to obtain any personal judgment on either mortgage or notes.

As the chattel mortgage contained no covenant to pay the money, the right to a personal judgment expired with the notes; and while the mortgagee after the six years remained entitled to enforce the lien, there could be no personal judgment over a plea of the statute.

The judgment will be reversed, to the end that judgment be entered in favor of the defendant in support of his plea.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.