## HELEN KURZ, PLAINTIFF, v. EMINA (ALSO KNOWN AS AMINA) ABBRUZZE, DEFENDANT.

Decided May 18, 1936.

For the motion, *Julius H. Halprin.*

Opposed, *Winfield S. Angleman.*

LAWRENCE, S. C. C. This suit sounds in ejectment. Plaintiff claims title to the *locus in quo* by virtue of a sheriff's deed dated March 9th, 1932, and recorded in the Somerset County Clerk's office on March 14th, 1932. It appears to have been duly executed and acknowledged. It states that Elizabeth L. Thomas and Russell L. Thomas, trading as Nicholas Thomas Lumber Company, obtained a judgment against one Horace Coddington in the District Court of the First Judicial District of the county, which judgment was later docketed in the Court of Common Pleas. An execution issued out of that court on December 19th, 1931, under which the sheriff levied on the land in question (with other lands) and later, as indicated, sold the right, title and interest of Coddington, the judgment debtor, to plaintiff. An examination of the deed delivered discloses that his title, whatever it was, was conveyed to plaintiff thereby and that so far as he and those under him are concerned the right to possession is out of them and in plaintiff. Coddington, it is said, remained in possession after the sheriff's deed and, notwithstanding his lack of right, leased

the premises for the month of March, 1936, to the defendant in the present suit. The answer filed by her admits such possession. Motion is made to strike the answer and for summary judgment on the ground that it is sham, in that she has no right to possession as against plaintiff. On the argument of the motion, plaintiff submitted affidavits in support, together with the sheriff's deed. No affidavit by defendant was offered, but one made by Coddington, the original judgment debtor, was presented in which he recites that he had remained in possession after the deed was made and recorded, without demand for possession having been made by plaintiff and had let in defendant as a tenant. Other matters set forth in his affidavit are not regarded as material, such as, for example, a reference to the foreclosure proceeding on a mortgage covering the property said to be pending. As between the parties to this suit that circumstance would be of no moment. It may thus be said that this affidavit cannot avail defendant and in the absence of her own showing a proper defense, those of plaintiff must be taken as controlling. *Lembeck, &c., Brewing Co.* v. *Krause,* 94 *N. J. L.* 219; 109 *Atl. Rep.* 293, and *Schiff* v. *Alexander,* 3 *N. J. Mis. R.* 817; 130 *Atl. Rep.* 133.

It was urged, however, in behalf of defendant, that, as plaintiff is to recover possession, if at all, on the strength of her own title and proof of such title as she may have, defendant's answer cannot be stricken as sham. This appears to be on the theory that the mere filing of the answer necessitates a trial and proof of such title; and that the right to have an answer stricken as sham, under the recognized rules and practice, does not include ejectment suits. But this does not appear to be so. In *Milberg* v. *Keuthe,* 98 *N. J. L.* 779; 121 *Atl. Rep.* 713, it is said that a summary judgment in an action of ejectment is authorized by sections 15 and 16 of the Practice act of 1912 (*Pamph. L.,* ch. 231, *p.* 380; *Cum. Supp. Comp. Stat.* 1911-24, *p.* 2816, § 163-291, 292), when the answer is frivolous or sham, and has been stricken out, leaving the plaintiff's claim wholly uncontested. Since defendant's claim to possession obviously rests on that of Coddington and plaintiff's right is superior

to his, it follows that the answer filed must be regarded as sham. The motion to strike will therefore be granted, with costs.