GUARDIAN DEPOSITORS CORP. *v.* SAVAGE.

1. CONTRACTS—COVENANTS.
   A covenant obligation is considered more solemn and binding than a mere promise in writing not under seal.

2. MORTGAGES—NOTES—CONSTRUCTION.
   Construction of relation between mortgagor and mortgagee to be that former, who also gave his note, should not only promise to pay but should also covenant under seal to pay and by so doing extend the term of his responsibility, renders both the note and mortgage operative.

3. LIMITATION OF ACTIONS—MORTGAGES—DEFICIENCY—EQUITY—COVENANT.
   Upon foreclosure of a mortgage containing an express covenant to pay the mortgagee or his assignee, where foreclosure is sought in equity and deficiency declared for on such covenant, deficiency decree should be given if suit is commenced within 10 years after the cause of action on the covenant accrued notwithstanding action on note was barred by statute of limitations (3 Comp. Laws 1929, § 13976).

4. EQUITY—ANALOGIES OF THE LAW.
   Equity follows the analogies of the law in all cases where an analogous relief is sought upon a similar claim.

5. LIMITATION OF ACTIONS—COVENANTS UNDER SEAL.
   Plaintiff, obligee under an unsealed instrument, payment under which is secured by a sealed instrument which also contains an express covenant to pay, may resort to suit upon latter covenant within statutory period thereon after statute of limitations has barred recovery under the unsealed instrument.

WIEST, C. J., and CHANDLER and MCALLISTER, JJ., dissenting.

Appeal from Oakland; Doty (Frank L.), J.  Submitted October 12, 1938.  (Docket No. 114, Calendar

No. 40,221.)    Decided December 22, 1938.    Rehearing denied July 6, 1939.

Bill by Guardian Depositors Corporation, a Michigan corporation, against Louis Savage for the foreclosure of a mortgage and a money decree for the deficiency. From decree rendered, plaintiff appeals. Modified and affirmed.

*Bodman, Longley, Bogle, Middleton & Farley* (*Carleton H. McIntyre,* of counsel), for plaintiff.

*Charles L. Goldstein* (*Levin, Levin & Dill, Earlmont H. Dill, Bayre Levin,* and *Leo Yeodicke,* of counsel on rehearing), for defendant.

*Younglove & Chockley* and *Karl B. Goddard, amici curiæ,* on rehearing.

North, J. As I understand the opinion of Chief Justice Wiest, the gist of his holding is: "The (mortgage) note remains the sole personal obligation;" notwithstanding the mortgagor's specific covenant in the mortgage to pay the mortgage debt; and from this the conclusion is reached that suit on the obligation is barred by the six-year statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]). No authorities supporting this conclusion are cited, and none have been called to our attention which squarely sustain it. Further, no good reason appears for holding that the mere simultaneous giving of a note should nullify the obligation of the mortgagor expressed in the covenant. Always a covenant obligation has been considered more solemn and binding than a mere promise in writing not under seal. It is difficult to understand why the weaker obligation should destroy the stronger. Instead the more tenable conclusion would seem to be that the condition of the loan by

the mortgagee was that the borrower should not only promise to pay but that he should also covenant under seal to pay.   By so doing the borrower extends the term of his personal liability.   Such a construction renders both the note and the mortgage covenant operative.   To hold otherwise is to render the covenant (the more sacred obligation of the two) an absolute nullity.

The plain statutory provision in this State seems controlling.   So far as pertinent, it reads:

"That actions  *  *  *  founded upon covenants in deeds and mortgages on real estate, may be brought at any time within ten years from the time  *  *  * when the cause of action accrued on such bond or covenant."   3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).

Certainly if a personal action can be brought "at any time within ten years from  *  *  *  the time when the cause of action accrued on such  *  *  *  covenant," then, since equity follows the law, the mortgagee or his assignee on foreclosure of a mortgage containing an express covenant to pay, and who (as plaintiff herein) declares upon the covenant, should be given a deficiency decree if the suit was commenced within 10 years after the cause of action on the covenant accrued.

"Equity follows the analogies of the law in all cases where an analogous relief is sought upon similar claim."   *Michigan Ins. Co. of Detroit* v. *Brown,* 11 Mich. 265, 272.

But aside from our statute, there is ample authority holding in accord with the above; and the applicability of the cases hereinafter noted is not impaired by any material difference in statutory provisions.

"A covenant in a real estate mortgage expressly providing for the payment of the amount payable by virtue of a note secured by the mortgage is within the 20-year statute of limitations.    *    *    *

"A mortgagee had the right to recover the amount of indebtedness evidenced by notes secured by a mortgage which contained a covenant for the payment of the amount represented by such notes notwithstanding that recovery solely on the notes was barred by the six-year statute of limitations where the action was commenced within the 20-year period of limitation applicable to the covenant of the mortgage.    *    *    *

"The covenant to pay a specified sum may be contained in a collateral instrument or in a mortgage by which the instrument is secured." *Broward Operating Co., Inc.,* v. *Harding* (syllabi), 3 N. Y. Supp. (2d) 696.

While the above recent (1938) New York decision is not one of a court of last resort, it is in accord with the following decision of that State, *Dinning* v. *Gavin,* 4 App. Div. 298 (39 N. Y. Supp. 485), wherein it is said:

"The fact that the statute of limitations bars recovery upon the notes does not bar it upon the covenant in the mortgage. The notes are not paid; the remedy upon them is barred, but it is not barred upon the covenant in the sealed instrument, and the plaintiff is at liberty to resort to that covenant to secure payment of the debt due him."

Decision in the *Dinning Case* was affirmed in the court of last resort in New York. See 159 N. Y. 556 (54 N. E. 1090).

The law of Wisconsin is stated in the following case:

"Where a mortgage under seal contains a covenant to pay the debt secured thereby, neither the right to foreclose nor the right to a personal judg-

ment for deficiency is barred until the expiration of 20 years from the time of default. * * *

"The covenant in this case being to pay the sum specified in the note 'with interest accruing thereon at the times and in the manner stated in said note,' the note, though barred (by the six-year statute of limitations), may be taken to fix the terms of interest on the amount secured by the lien." *Ogden* v. *Bradshaw* (syllabi), 161 Wis. 49 (150 N. W. 399, 152 N. W. 654).

In Arkansas the statute provides that a suit for foreclosure of a mortgage must be "brought within the period of limitation prescribed by law for a suit on the debt." In a foreclosure suit the defendants unsuccessfully urged that the mortgage could not be foreclosed because the five-year statute barring liability on the mortgage note had run. The court said:

"Defendants made two separate written agreements to pay the debt, one contained in a promissory note, and one in a mortgage, both of which were executed on the same day. The note was not under seal, but the mortgage was under seal. The plaintiff founded this action upon the covenant contained in the mortgage, and contends that, as the mortgage was under seal, the statutory period of limitations applicable to it is 10, not five, years. * * *

"In order, then, to determine whether the right to foreclose is barred, it is only necessary to consider whether * * * the plaintiff's right to recover a personal judgment is barred. * * * The mortgage contains an express covenant on the part of defendants that they will pay to the plaintiff the sum of $300 with interest thereon from date until paid at the rate of eight per cent. per annum; and, as this promise was under seal, the right of plaintiff to sue upon it was not barred until after 10 years from the time his cause of action accrued."

*New England Mortgage Security Co.* v. *Reding,* 65 Ark. 489 (47 S. W. 132).

While it appears to be dictum, the following is at least indicative of the position of the supreme court of Illinois.

"In Great Britain it is usual to insert in the mortgage itself a covenant for the payment of the money. When such a covenant is found in the mortgage, it being under seal, and the debt, to secure which it was given is not, a bar to a recovery of the debt, if of a shorter period than a bar to a sealed instrument, could not affect the remedy on the covenant in the mortgage. If the statutory period necessary to bar an unsealed instrument be of shorter duration than a sealed instrument, a mortgage containing such a covenant given to secure the payment of a debt evidenced by an unsealed note, would be governed by the longer period required to bar a recovery on sealed instruments." *Harris* v. *Mills,* 28 Ill. 44 (81 Am. Dec. 259).

A decision of like character will be found in *Earnshaw* v. *Stewart,* 64 Md. 513 (2 Atl. 734).

At the time this court decided *Clinton* v. *Clinton's Estate,* 148 Mich. 496, the pertinent provisions in our statute of limitations did not differ materially from the present; and Justice HOOKER, speaking for the court, said:

"The mortgage (there was also a note) was executed by both George and Jane Clinton, contained an express promise to pay $225 and interest, and was under seal, as also was the separation agreement. Therefore the statute had not run until 10 years had expired. * * * The mortgage was dated in June, 1882, payable in three years. * * * The personal obligation under the mortgage became barred in June, 1895."

Paragraph 3 of the syllabus reads:

"Action on the personal obligation created by a mortgage on real estate is barred in 10 years." (3 Comp. Laws 1897, § 9734.)

The trial court was in error in holding that plaintiff should be denied a deficiency decree. A modified decree will be entered in this court providing for deficiency and the case will be remanded for execution of the decree. Costs to appellant.

BUSHNELL, SHARPE, and POTTER, JJ., concurred with NORTH, J.

WIEST, C. J. (*dissenting*). September 7, 1927, defendant executed the following note:

"Detroit, Mich., September 7, 1927
"On or before three years after date I promise to pay to Etta S. Sprague or order Ten Thousand and 00/100 dollars at Griswold First State Bank, Detroit, Michigan with interest thereon at the rate of six per cent. per annum, payable semi-annually until paid.
"Value received.
"$10,000

"LOUIS SAVAGE,
"417 Book Bldg.,

"This note is secured by mortgage bearing even date herewith."

The mortgage securing payment of the note provided:

"Witnesseth, that the said mortgagor, in consideration of the sum of $10,000, the receipt of which is acknowledged, and for the purpose of securing the repayment of the said sum, with interest, as hereinafter provided, and the performance of the covenants hereinafter contained, hereby mortgages and warrants unto the said mortgagee her heirs and

assigns, the lands, premises and property situated in the township of Bloomfield county of Oakland and State of Michigan. * * *

"And the said Louis Savage mortgagor for himself, his heirs, executors and administrators, hereby covenant with the said mortgagee her legal representatives and assigns, as follows:

"First. Said mortgagor will pay to the said mortgagee her legal representatives and assigns, the said sum of $10,000, payable on or before three years from date hereof. With interest thereon at the rate of six per cent. per annum, payable semi-annually, until the full payment of said principal sum, according to the terms of a certain promissory note bearing even date herewith, executed by Louis Savage to the said mortgagee, and will pay interest at the rate of seven per cent. per annum, semi-annually, upon all overdue interest or principal from the time of its maturity."

Plaintiff holds the note and mortgage and brought foreclosure proceedings in equity. It appearing that the general statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]), barred personal liability on the note, the court held there could be no decree for deficiency.

Plaintiff appeals and contends that the mentioned provision in the mortgage constitutes a covenant of debt by specialty and, inasmuch as remedy for personal liability on covenant has not been barred (3 Comp. Laws 1929, § 13976, subd. 1 [Stat. Ann. § 27.605]), a decree for deficiency should have been granted.

The recital in the mortgage is not a covenant of debt, independent of the note, for it refers to the note and, read in connection with the note, is not a covenant upon which a personal action can be brought after remedy on the note is barred by the

statute of limitations. The mortgage does not constitute the debt such by specialty for it makes reference to the debt evidenced by the note and this deprives it of the character of a debt by special covenant.

A note is not essential to bring personal liability to a mortgagor, for a mortgage by specialty may contain a covenant of debt and fasten personal liability on the mortgagee. But where there is a note, evidencing the debt and identified and referred to in the mortgage, there cannot exist remedy on the provision in the mortgage after remedy *in personam* on the note is barred by the statute of limitations.

Stating or repeating in a mortgage the terms and conditions of a note, evidencing the debt, does not constitute a covenant of debt by specialty. The note remains the sole personal obligation. A special covenant of debt in the mortgage must be complete and wholly apart from engagement of debt by a note therein referred to. A mortgage is security for a debt and, as such, must identify the debt. This may be done in case of a note by reference thereto in the mortgage.

The recital in this mortgage cannot be held a special covenant of debt extending personal liability of the mortgagor beyond the period when personal liability on the note was barred by the statute of limitations.

The decree in the circuit court should be affirmed, with costs.

Chandler and McAllister, JJ., concurred with Wiest, C. J. Butzel, J., did not sit.