LOUIS BIRKENFELD, PLAINTIFF-APPELLANT, v. CHRY-
SANTHE COCALIS, AND WILLIAM A. SCULLY, JAMES
J. THOMPSON AND EVANGELOS HARDALOUPAS, EX-
ECUTORS OF THE ESTATE OF SOTEROS D. COCALIS,
DECEASED, DEFENDANTS-RESPONDENTS.

Submitted October 20, 1942—Decided January 22, 1943.

For the plaintiff-appellent, *Kessler & Kessler* (*George H. Rosenslein,* of counsel).

For the defendants-respondents, *Monroe E. Stein* (*Herbert M. Ellend,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment in the Supreme Court, Monmouth Circuit, dismissing the complaint by the trial court on the ground that it was frivolous.

From the complaint it appears that on June 1st, 1936, the plaintiff and his wife, Miriam Birkenfeld, entered into a written contract with Soteros D. Cocalis and his wife, Chrysanthe Cocalis, for the sale of certain premises in Deal, New Jersey, together with the furniture, &c., contained therein, for the sum of $35,000. The purchase price was as follows: $1,000 upon the execution of the contract; $2,500 upon taking title; $6,500 by two promissory notes, one for $2,500 payable November 30th, 1936, and one for $4,000 payable April 15th, 1937; and the balance of $25,000 to be secured by a purchase-money mortgage. Title passed and a mortgage

was given to the plaintiff by the Cocalises for $31,500 to secure the unpaid notes for $6,500 and the balance of $25,000. The notes were subsequently paid as well as $7,500 on the $25,000 balance, reducing the amount due on the mortgage to $17,500. On April 22d, 1939, Mr. Cocalis died testate and his will was probated. The plaintiff presented a verified claim to the executors of his estate for the unpaid balance of $17,500 with interest, which was disputed and payment refused. This suit followed.

The sole question is whether or not the Cocalises were personally obligated to pay the $25,000 represented by the purchase-money mortgage given by them pursuant to their contract for their purchase of the property in question.

Copies of the contract and of the mortgage were attached to and made a part of the complaint. The contract provided that the parties of the second part, the defendants, "shall not be personally liable for the purchase price secured by the purchase-money mortgage of the said premises, except to the extent of the ten thousand ($10,000) dollars herein provided to be paid by them in cash and promissory notes." The contract also provided that the mortgage was to be given "without any bond of the said party of the second part." There was no bond given. Nor, is there any covenant in the mortgage by the Cocalises, the mortgagors, that they would personally pay the debt. The consideration it is true was $35,000 and was to be paid by the Cocalises but it was expressly provided that it was to be paid in the manner stated, $10,000 in cash and $25,000 by mortgage without bond. When the $10,000 was paid and the mortgage given their personal obligation was at an end.

"In the absence of a covenant in a mortgage to pay the mortgage debt, the mortgage is not of itself an instrument which imports a personal liability, and no suit can be maintained upon it as a substantive cause of action, the mortgagees' remedy being confined to the land put in pledge. It is not sufficient to make the mortgagor personally liable that the mortgage recites an indebtedness, or a consideration; * * *."

41 *Corp. Jur.*, § 644. Also see *Jones on Mortgages* (6th

*ed.*), §§ 72 and 1225; 17 *A. L. R.* 717; *Scott* v. *Fields,* 7 *Watts* (*Pa.*) 360; *Cook* v. *Johnson,* 165 *Mass.* 245, 247; *Coleman* v. *Van Rensselaer,* 44 *Howard* (*N. Y.*) 368; *Gottfried Krueger Brewing Co.* v. *Remek,* 110 *N. J. L.* 489; 166 *Atl. Rep.* 169; *Ehnes* v. *Hronis,* 125 *N. J. L.* 625; 18 *Atl. Rep.* (*2d*) 40.

It is argued by the appellant that the court erred in considering affidavits filed on the motion. We think this point is without merit. It clearly appears from the learned trial court's opinion that he came to his conclusion entirely from a consideration of the complaint to which, as stated, was attached a copy of the contract and of the mortgage.

We conclude that there was no personal obligation on the part of the Cocalises to pay the debt on which suit was brought and that the complaint did not show a cause of action. It was frivolous and was properly struck.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.