34 So.2d 601

### ELLIOTT v. KANSAS CITY LIFE INS. CO.
6 Div. 551.

Supreme Court of Alabama.
March 25, 1948.

378

McEniry, McEniry & McEniry, of Bessemer, for appellant.

Leader, Tenenbaum & Perrine, of Birmingham, for appellee.

SIMPSON, Justice.

The appeal questions the right of a mortgagee or his assignee, who declares upon the mortgage covenant to pay the debt, to a deficiency on foreclosure, the statute of limitation of six years, Code 1940, Tit. 7, § 21, having run against suit on the note secured.

The claim of the appellee to the deficiency rests on the covenant in the mortgage to pay the indebtedness secured according to its tenor. The mortgage was under seal and if action can be brought on the specific covenant in the mortgage to pay the debt, the statute of limitation governing such actions has not yet tolled collection of the claim.

There seems to be no division of opinion as to the effect of the bar of the debt secured upon the personal covenant in the mortgage to pay the mortgage debt, and it is the generally accepted rule, if the mortgage contains an unconditional covenant to pay the debt, and the statute of limitation applicable to such instruments has not yet run, a deficiency or personal judgment may be recovered against the mortgagor in an action directly on the covenant, although the personal obligation secured by the mortgage is barred. New England Mortgage Security Co. v. Reding, 65 Ark. 489, 47 S. W. 132; Harris v. Mills, 28 Ill. 44, 81 Am. Dec. 259; Guardian Depositors Corporation v. Savage, 287 Mich. 193, 283 N.W. 26, 124 A.L.R. 635; Lembeck & Betz Eagle Brewing Co. v. Krause, 94 N.J.L. 219, 109 A. 293; Gottfried Krueger Brewing Co. v. Remek, 110 N.J.L. 489, 116 A. 169; Din-

hiny v. Gavin, 4 App.Div. 298, 39 N.Y.S. 485; Id., 159 N.Y. 556, 54 N.E. 1090; Ogden v. Bradshaw, 161 Wis. 49, 150 N.W. 399, 152 N.W. 654; Swanson v. Bennett, 157 Fla. 113, 25 So.2d 207; Brown v. Cascaden, 43 Iowa 103; Morgan v. Niswonger, 123 Or. 79, 260 P. 1010; First Nat. Bank of Madison v. Kolbeck, 247 Wis. 462, 19 N.W.2d 908, 161 A.L.R. 882; Lincoln National Life Ins. Co. v. Kelly, 73 N.D. 622, 17 N.W.2d 906; 37 Am.Jur. 238, § 862; 124 A.L.R. 645; Jones on Mortgages, 8th Ed., §§ 90, 1579.

The Guardian Depositors Corporation case above cited gives a good exposition of the rationale underlying the principle, where it was noted: "* · * * no good reason appears for holding that the mere simultaneous giving of a note should nullify the obligation of the mortgagor expressed in the covenant. Always a covenant obligation has been considered more solemn and binding than a mere promise in writing not under seal. It is difficult to understand why the weaker obligation should destroy the stronger. Instead the more tenable conclusion would seem to be that the condition of the loan by the mortgagee was that the borrower should not only promise to pay but that he should also covenant under seal to pay. By so doing the borrower extends the term of his personal liability. Such a construction renders both the note and the mortgage covenant operative. To hold otherwise is to render the covenant (the more sacred obligation of the two) an absolute nullity." 287 Mich. 193, 283 N.W. 26, 124 A.L.R. 636.

The principle enunciated in the foregoing authorities seems to be the universal postulate, now without divergence of decision.

The slight division of opinion noted in American Jurisprudence, supra, n. 20, seems to be accounted for by some earlier Florida decisions in cases where there was no unconditional promise in the mortgage to pay the debt and recovery of the amount due was sought under the mortgage instrument, rather than under the note it secured. Later decisions, however, from that jurisdiction have pointed up the distinction, noting that if the mortgage con-

tains an unconditional promise to pay the sum stipulated, action, if not barred by limitation, may rest on the covenant in the mortgage. Swanson v. Bennett, 157 Fla. 113, 25 So.2d 207.

No case from our own jurisdiction, exactly in point, has been cited and our research has discovered none, but we do find more than a simulacrum in the case of Turner v. Williams, 235 Ala. 502, 504, 180 So. 95, the import of which holding would lead to the same conclusion, where in speaking of the right to bring an action for a breach of the covenant in a mortgage to pay over to the mortgagor the surplus above the mortgage debt realized in foreclosure sale, it was said that such covenant "is of the same character and dignity as is the obligation of the mortgagor to pay and discharge the mortgage debt; and * * * is an obligation under seal, to which the statute of limitation of ten years applies." 235 Ala. 505, 180 So. 98.

Our conclusion is that notwithstanding action on the note has been barred by the six-year statute of limitation, the mortgagee or assignee may declare upon the mortgage covenant to pay the debt, which instrument is under seal and not barred of collection. The judgment is therefore affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.