A. MYER, APPELLANT, *v*. C. BEAL ET AL., RESPONDENTS.

MORTGAGE—STATUTE OF LIMITATIONS.—In this State mortgaged premises can, in a certain class of cases, be subjected to the payment of the debt secured by the mortgage after the Statute of Limitations has run against the notes.

IDEM.—Our Statute of Limitations simply suspends the remedy; it does not extinguish the debt.

STATUTE CONSTRUED.—Section 7, Chap. 6, Miscellaneous Laws construed.

APPEAL from Multnomah County.

All the necessary facts are stated in the opinion of the Court.

*J. N. Dolph*, for Appellant.

*Townsend & Beal*, for Respondents.

By the Court, MCARTHUR, J.:

This is a suit brought to foreclose a mortgage upon certain real estate in Multnomah County after the Statute of. Limitations has run upon the notes which the mortgage was given to secure. The appellant is the assignee and owner of the mortgage, and Beal, the respondent, is the grantee of the equity of redemption. Beal demurred to the complaint. The demurrer was sustained and a decree rendered dismissing the suit with costs.

The question to be determined is, whether the mortgaged premises can be subjected to the payment of the debt secured by the mortgage, after the Statute of Limitations has run against the note. Reason and the weight of authority answer this question in the affirmative. (*Sichel* v. *Carrillo*, 42 Cal. 498; *McElmoyle* v. *Cohen*, 13 Pet. 312; *Townsend* v. *Jemison*, 9 How. (U. S.) 413; *Sturges* v. *Crowninshield*, 4 Wheat. 122; *Waltermire* v. *Westover*, 14 N. Y. 20.)

The complaint alleges that a certain amount is due on the promissory notes set out and that a mortgage was executed to secure the payment thereof. The statute has run against the notes but not against the mortgage. From the fact that the appellant claims a certain amount as due on the notes,

the respondents' counsel concludes that the action is upon the notes and that this is not a suit to foreclose the mortgage. Upon no hypothesis except that of an implied promise after the statute has run can this view be sustained, and that hypothesis is incorrect. The Statute of Limitations in this State simply suspends the remedy; it does not extinguish the debt. Hence it was proper to plead the notes in conjunction with the mortgage. The entire pleading must be construed together, and when that is done we think that it sufficiently appears that this is a suit to foreclose the mortgage set out. Again, it is claimed that there can be no suit on this mortgage, for the reason that it contains no covenant for the payment of money. The statute ($\S$ .7, ch. 6, Mis. Laws) declares: "No mortgage shall be construed as implying a covenant for the payment of the sum thereby intended to be secured; and when there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such payment shall have been given, the remedies of the mortgage shall be confined to the lands mentioned in the mortgage." The correct interpretation of this section is that when there is a covenant for the payment of a certain sum in the mortgage the remedy shall be against the land, and at the same time a personal judgment may be obtained to collect any amount which may remain unpaid after the proceeds of the sale of the mortgaged premises have been applied to the extinguishment of the judgment; and when there is no covenant for the payment of a certain sum in the mortgage the remedy is against the mortgaged premises only, and there can be no personal judgment for any deficit. The absence of a covenant does not destroy the vital force of the mortgage, but only limits the operation of any decree upon it to the described premises. The mortgage declared on is of the latter class. The decree in this suit can only operate upon the particular lands described, and there can be no personal judgment for any deficit. We think the court below erred in sustaining the demurrer. Hence the decree is reversed and the cause remanded for further proceedings.

Decree reversed.