Argued at Pendleton, November 4, reversed November 15, 1927.

## GRACE E. MORGAN, Administratrix, *v.* ELMER NISWONGER et al.

(260 Pac. 1010.)

**Mortgages—Mortgagor, Covenanting to Pay Debt Secured, Though not Signing Note, is Personally Liable for Debt Without Suit Being Instituted to Foreclose Mortgage.**

Mortgagor, who signs mortgage containing covenant to pay debt secured by mortgage, is personally liable for debt, though he did not sign note, without suit being instituted and maintained to foreclose mortgage.

Courts, 15 C. J., p. 939, n. 59, p. 941, n. 78, 79, 80, p. 947, n. 41, p. 949, n. 49.

Mortgages, 41 C. J., p. 393, n. 60, p. 394, n. 61, 70.

From Deschutes: T. E. J. Duffy, Judge.

In Banc.

This is an action on a covenant in a mortgage to pay the mortgage debt. May 6, 1916, defendants Elmer Niswonger and Jessie L. Niswonger executed and delivered to F. A. Hunnell their promissory note in the principal sum of $5,300, payable one year after date with interest at the rate of 8 per cent per annum. For the purpose of securing the payment of said promissory note the makers thereof together with the defendants C. P. Niswonger and Sadie Niswonger duly executed and delivered their mortgage on real property therein described. Said mortgage contained the following covenant:

"But in case default shall be made in the payment of the principal or interest, * * , and the said parties of the first part for their heirs, executors and administrators, doth covenant and agree to pay unto the said party of the second part his executors, ad-

See 19 R. C. L. 513.

ministrators, or assigns, the said sum of money and interest as above mentioned."

The defendants were parties of the first part and plaintiff's decedent party of the second part. After the delivery of said note and mortgage the payee and mortgagee died. Plaintiff is his duly qualified and acting administratrix. The complaint contains the usual allegations, sets out the note in full and has attached thereto the mortgage as Exhibit "A" which is thereby made a part of said complaint. Defendant C. P. Niswonger and Sadie Niswonger demurred to the complaint on the ground that it did not state sufficient facts. The other defendants did not appear. The demurrer was sustained. Plaintiff refusing to further plead, judgment was duly entered against plaintiff dismissing her complaint and awarding to the appearing defendants costs. The only question presented by the demurrer and this appeal is, Are the defendants C. P. Niswonger and Sadie Niswonger who signed the mortgage but did not sign the note personally liable on the covenant contained in the mortgage hereinabove quoted without a suit being instituted and maintained to foreclose said mortgage?      REVERSED.

For appellant there was a brief over the names of *Mr. R. S. Hamilton* and *Mr. M. B. Meacham,* with an oral argument by *Mr. Meacham.*

For respondents there was a brief over the names of *Mr. H. H. De Armond* and *Mr. Jay Upton,* with an oral argument by *Mr. R. B. Parson.*

COSHOW, J.—We believe the law to be well settled in this state that a mortgagor who signs a mort-

gage containing a covenant to pay the debt secured
by the mortgage is personally liable for that debt:
41 C. J. 393, 394, §§ 221, 223; *The Home* v. *Selling,*
91 Or. 428, 439, 440 (179 Pac. 261, 21 A. L. R. 403);
*Manley* v. *Smith,* 88 Or. 176, 191 (171 Pac. 897); *Mar-
shall* v. *Middleton,* 100 Or. 258 (91 Pac. 886, 196 Pac.
830, 19 A. L. R. 1421).   Defendants rely upon the cases
of *Wright* v. *Wimberly,* 94 Or. 1 (184 Pac. 740), and
*Myer* v. *Beal,* 5 Or. 130.   The *Wright* v. *Wimberly* case
was an action to recover judgment for the deficiency
remaining after foreclosure of a purchase price mort-
gage and sale of the land covered by the mortgage.
It quotes in page 24 of the official report with ap-
proval the case of *Myer* v. *Beal,* above.   The opinion
in the latter case partially supports the contention
of the defendants.   It is conceded by defendants that
the language quoted from *Myer* v. *Beal* in *Wright* v.
*Wimberly* was not necessary to a decision of the
Myer case.   The case of *Manley* v. *Smith,* above,
seems to us to be directly in point.   In that case the
defendant Thad Sweek signed the mortgage but did
not sign the note just as the answering defendants in
the instant case did.   There was a covenant in the
mortgage very similar to if not identical with the
covenant in the mortgage in the case at bar.   In the
Manley case the court used this language:

"The argument of the defendant that the contested
clause does not operate to charge Thad Sweek with
the debt, even if allowed to remain as part of the
mortgage, is ingenious but not convincing.   In our
judgment it binds him and that seems to have been
his opinion when he put in his answer."

We believe the Manley case to be decisive of the
case at bar.   Certainty of the law involving titles is
most desirable.   It would be necessary to overrule

the case of *Manley* v. *Smith,* above, in order to sustain the ruling of the learned Circuit Court in the case under consideration. We do not feel justified in doing that.

Our conclusion does not conflict with either *Wright* v. *Wimberly,* above, or *Myer* v. *Beal,* above. The case under consideration does not involve a purchase price mortgage as did the case of *Wright* v. *Wimberly.* The plaintiff in the case under consideration could have foreclosed the mortgage, sold the land and recovered any deficiency in her judgment after applying the proceeds of said sale. *Myer* v. *Beal* does not directly rule that a mortgagee cannot maintain an action to collect amount due on a covenant in a mortgage. That question was not involved in that case.

The judgment of the Circuit Court is reversed and the cause remanded to that court with further proceedings consistent with this opinion.

REVERSED AND REMANDED.