F. E. TAYLOR v. A. J. THOMAS.

149 So. 397.

Division A.

Opinion Filed June 29, 1933.

*George B. Carter,* for Plaintiff in Error;

*Brantley Burcham* and *A. J. Lussier,* for Defendant in Error.

ELLIS, J.—This case affords a fair illustration of the chaotic condition into which a cause may be brought by disregarding the rules of pleading which are designed to enable a plaintiff to present in simple language with a reasonable degree of certainty his cause of action and the remedy he seeks, and to enable the defendant in equally succinct but clear English to present the defense he desires to interpose to the plaintiff's case if the declaration states one.

In this case no attention was paid to those useful and long tried rules of pleading which enable lawyers to quickly arrive in their clients' interests at a certain issue of fact upon the establishment of which by the requisite degree of proof the plaintiff's remedy shall depend.

Instead of pursuing such a course there was presented to the Circuit Court a declaration containing one count which declared in an action of assumpsit upon a simple contract for the payment of money, three promissory notes, and in an action of covenant contained in a mortgage given to secure the payment of the notes for damages for its breach.

To that declaration five pleas were interposed. The first denied the execution of the promissory notes; second, that

they were discharged and satisfied by payment; third, that there was no consideration for them, but were executed for accommodation of the payee; fourth, that the notes were assigned to the plaintiff after maturity (that fact appears by allegation in the declaration and of course need not to have been repeated in the plea) and that prior to the assignment the defendant and payee of the notes agreed to cancel them in consideration that the defendant convey to the payee the title to the land described in the mortgage, which was given to secure the payment of the notes and in which the covenant exists for breach of which a portion of the declaration declares. The plea then avers that the "execution and delivery of the said conveyance is held in abeyance for the convenience of and at the request of the said payee"; that the "defendant is purely the trustee of the legal title to the said property for the benefit of the said payee," who, it is averred, has been in possession of the land exercising ownership, control and management of it. The fifth plea purports to be one on equitable grounds. It contains about twelve hundred words and sets up as a defense either to the action on the notes or the action of covenant that the original payee of the notes owned the land and agreed with a man named Sikes that he would build a house upon it pursuant to a joint adventure for speculation. Sikes expected to borrow money to pay for building the house, but was disappointed, so when it was completed Sikes left Florida and went to Georgia, after vainly striving to obtain money with which to pay for the building; that the defendant had a claim for materials furnished in the construction of the building, which was to have been paid from the money which Sikes expected to borrow, but in which he was disappointed. So the defendant's debt against Sikes was unsatisfied.

The defendant, so the plea avers, needed money and he

permitted "sentiment to overrule his business judgment" by agreeing as a matter of "accommodation" to Sikes and Mrs. Anna Taylor, the payee of the notes, to accept a conveyance of the land, procure a loan upon the property, pay himself for the materials furnished and in due time to reconvey the property to whomsoever Sikes or Mrs. Taylor, or both of them, should direct and pending such "proposed program" Sikes and Mrs. Taylor should retain possession of the land; that the defendant then executed the notes and a second mortgage on the place to Mrs. Taylor "evidencing the value of the vacant property." These documents, it is averred, were without consideration. Then much is averred in the plea about the possession of the land by Mrs. Taylor, the payment of taxes by her, and the payments by her upon the mortgage which the defendant placed upon the property, her attempts to sell the land, collection of the rents, and the defendant's disclaimer of any interest in the land.

A motion to strike the fifth plea was overruled and a demurrer to the fourth and fifth pleas was interposed and sustained. An "amended plea on equitable ground" was by leave of court interposed to the declaration. In substance the same averments were made as in the first plea on equitable grounds coupled with certain averments as to legal conclusions which are averred to follow the alleged agreements between the defendant and Mrs. Taylor, the payee named in the notes and mortgage given by the defendant to secure their payment. It is not averred that any of the agreements were in writing except the notes and mortgage, which in and of themselves make no reference to what the plea refers to as a "silent agreement."

It is averred that the notes were without consideration and were given to "protect" Mrs. Taylor and to "definitely settle the question of the value of her said two lots" and

that the notes and mortgage were delivered to Mrs. Taylor upon such condition; that another condition of the "silent agreement" was that Mrs. Taylor and Sikes should retain possession of the property, sell it if possible, in which case the defendant would convey the title "under instructions as aforesaid," and the said "writings obligatory were to be returned to your defendant."

It is also averred that the defendant paid on his "liability under the said first mortgage, of $1,800 to the Orange County Building and Loan Company" twenty monthly payments of $31.50 each and then he notified Mrs. Taylor that he would make no further payments. So it appears that he paid $630.00 upon a debt of $1,800, which he incurred with an innocent party presumably for his own protection.

The plea then avers the existence of another agreement between the defendant and Mrs. Taylor which the language of the plea indicates rested upon defendant's "impressions" as to the ability to "liquidate" the "obligation remaining due against the said property" by conveying the land in exchange for the mortgage on which a balance of $1,170 appeared to be due according to the plea, and to avoid the perpetration upon him of the "fraud" that Mrs. Taylor was "actually attempting to carry out against your defendant," and because he "did not care to have aired in a Court of Law" the "unbusinesslike appearance of the aforesaid agreement" and "in hopes of successfully squelching such a desire to injure your defendant" as threatened by Mrs. Taylor. In that agreement the plea avers that the defendant waived "whatever rights he had acquired in the property" by virtue of the payments made by him ("your defendant") on the first mortgage and Mrs. Taylor would "surrender and deliver up to him the said paper writings obligatory herein declared upon"; that Mrs. Taylor refused to deliver up the "paper writings obligatory" to "your de-

fendant" and insists upon the perpetration of this fraud on "your defendant."

A motion to strike the plea was denied. Thereupon the plaintiff interposed a replication to the plea by which the plaintiff denied that the notes were without consideration, that there was a joint adventure between her and Sikes and an agreement or understanding between her and the defendant that the notes were not to be binding upon them; that the defendant ever acquired a "materialman's" lien on the lots and that a "silent trust" or agreement existed between her and the defendant for her benefit. The replication alleged that the notes were delivered to her unconditionally and that she is not in possession of the land and has exercised no control over it since the conveyance of it to the defendant; that the defendant paid part of the purchase price of the lots to Mrs. Taylor and paid interest on the notes; that the payments made by Mrs. Taylor to the Building and Loan Company were made to protect her mortgage executed by the defendant; that Mrs. Taylor never had any dealings with Sikes and had never met him except when he was introduced to her by the defendant whose scheme it was to have Sikes build a house on her lots while the defendant was negotiating with her for the purchase of the property. Issue was then joined on the first, second and third pleas and the parties went to trial.

There was a verdict for the defendant on which the court entered judgment after denying a motion in arrest of judgment based upon the court's order denying a motion to strike the amended fifth plea upon equitable grounds.

The plaintiff took a writ of error to the judgment.

The demurrer to the fourth plea and the original equitable plea should have been visited upon the declaration which was clearly bad for improper joining of two causes of action in one count. The declaration declared on the

promissory notes, also .for a breach of covenant contained in the mortgage. Under the notes no attorney's fees could be recovered, under the covenant attorney's fees could be recovered. The declaration was also duplicitous as it set up two sets of facts in support of one demand. Even if the fault of duplicity may be said to have been waived the declaration was bad for joining in one count two causes of action. The rule that a demurrer searches the whole record and operates not only against the pleading to which it is interposed but is taken as a demurrer to that pleading which contains the first fatal defect has obtained in this jurisdiction since 1846. See 6 Ency, Pl. & Prac. 326; 2 Fla. Digest Annotated 798; Sylvester v. Lichtenstein, 61 Fla. 441, 55 South. Rep. 282.

The declaration in this case was subject to demurrer not because it was duplicitous, for which defect a motion to strike or for compulsory amendment would have lain, see Strout Farm Agency v. Hollingsworth, 92 Fla. 673, 110 South. Rep. 267, but because two separate and distinct causes of action requiring different proof were united in one count. The circumstances to which the doctrine that a duplicitous declaration is subject to a motion for compulsory amendment was applied in the Hollingsworth case, *supra,* were that two sets of facts were set up for the recovery of a single demand any one of which would have justified a recovery. See also Blue v. Staten, 84 Fla. 274, 93 South. Rep. 686, in which it is held that a count in a declaration containing two causes of action is amenable to objections upon the ground of duplicity.

It is evident however that the language in each of the above cited cases refers to instances of pleading where although more than one cause of action is set forth in one count no more than one independent and sufficient ground

or matter is therein alleged in support of a single demand or right of recovery. 49 C. J. 161.

The declaration in the case at bar however declared upon two distinct primary rights which were sought to be enforced although they related to the same transaction in a general way. It set out and sought to recover upon separate and distinct contracts, one on promissory notes, the other on a covenant in a mortgage. One declared on the breach of the simple promise to pay, the other on the breach of a covenant to pay. In one case the principal and interest of the amount due could be demanded, in the other the amount due including interest and attorney's fees could be demanded. There were thus two subjects of controversy presented for adjudication, more than one primary right sought to be enforced. 21 R. C. L. 467.

Assuming that the objection was waived by pleading to the declaration yet none of the pleas purported to answer the action of covenant. They were all directed to the promissory notes declared upon. The fourth plea went out on demurrer. The evidence was wholly insufficient to sustain either of the three pleas denying the execution of the notes, payment of them and absence of consideration. The so-called equitable plea was wholly wanting in equity and in itself contained averments inconsistent to the point of repugnancy.

The plea avers that the notes and mortgage were not the obligations of the defendant. Yet in other parts of the plea the defendant admits that he executed the documents as and for what they pretended to be and delivered them to Mrs. Taylor. The plea avers that the defendant had a claim for material furnished, but it is not averred to whom the material was furnished nor the value or price of it in dollars. There are no averments of fact from which it may be concluded that he had any lien upon Mrs. Taylor's

land for the value of the material furnished. The plea negatives any idea that Mrs. Taylor undertook to obligate herself for the payment of the material. On the other hand it is averred that the defendant was to have been paid for it by Sikes' from a loan which Sikes was to obtain.

It is averred that the notes were without consideration, yet it appears that Mrs. Taylor conveyed the land to the defendant to enable him to get a loan from the Building Company and pay himself out of that loan. He did obtain $1,800, paid back only $630, when his conscience enabled him to breach his obligation to the Building Company and attempt to impose the burden upon Mrs. Taylor of paying the balance, about $1,170, representing the amount which the defendant secured by the transaction. The plea avers that the notes were executed to settle between him and Mrs. Taylor the value of her vacant lots, yet his impressions were that Mrs. Taylor could have cancelled the debt to the Building Company of $1,170, by conveying the property to the Company. If the vacant lots were worth $900, the amount of the three notes which were executed by the defendant, that Mrs. Taylor "might have evidence of the value of the two vacant lots," and it was defendant's "impression" that it would require a conveyance of the two lots. upon which the house had been built to extinguish a mortgage debt of $1,170, the amount which the defendant got out of the transaction, the inference is clear that the value of the improvement in the form of a house built upon the two lots was very small or there had been a great shrinkage in value of real estate after the defendant got his eleven hundred odd dollars.

The plea clearly shows a consideration for the three notes; no circumstances which would relieve him from the obligation to pay; undertakes to set up what the pleader calls a "silent agreement" to avoid the terms of a written

and sealed instrument and contains averments of fraud unsupported by any facts set out in the plea. There is an assignment of error based upon the court's denial to instruct a verdict for the plaintiff and the motion to strike the equitable plea as amended. Both orders are wrong.

The plea was invalid as a defense on equitable grounds, contained averments that were not issuable and which were in many instances repugnant.

The judgment is reversed with leave to the plaintiff to amend his declaration by making each cause of action the subject of a separate count in the declaration, if it is his desire to declare upon each.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.