Ruth M. Wisdom, *et vir*, v. M. A. Smith, as Liquidator, etc.

168 So. 814.
Division B.
Opinion Filed May 27, 1936.
Rehearing Denied June 26, 1936.

*Mabry, Reaves, Carlton & White,* for Appellants;

*Edward Miraglia,* for Appellee.

PER CURIAM.—The appeal in this case brings for review final decree of foreclosure on a chattel mortgage made and executed on March 24, 1928, by Ruth M. Wisdom, joined by her husband, Louis E. Wisdom, to the Bank of Ybor City to secure payment of a note made and executed by Strickland and Wisdom, Inc., and endorsed by Louis E. Wisdom for the sum of $1400.00 payable ninety (90) days after date. The mortgage contained the following clause:

"The parties of the first part do covenant and agree that the said Ruth M. Wisdom is the owner of the above described personal property and that they will pay or cause to be paid, the indebtedness secured by this instrument according to the true tenor and effect of the promissory note above described or of any renewal notes, and should it become necessary to collect such indebtedness through or by an attorney, that they will pay all costs of such collection, including a reasonable attorney's fee."

Foreclosure proceedings were instituted after the statute of limitations had run as to the promissory note secured by the mortgage, but the mortgage was under seal, and the mortgagors specifically covenanted and agreed that they "will pay or cause to be paid the indebtedness secured by this instrument according to the true tenor and effect of the promissory note above described," etc.

When the husband agreed by the terms of the mortgage to pay the debt he made the same his obligation and became liable for its payment. The wife may mortgage her separate property to secure the payment of her husband's debts. Sec. 1, Art. XI, of the Constitution. The Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892.

The appellant says that there are two questions for us to determine, which are as follows:

"Under the laws of the State of Florida may a married woman validly pledge or mortgage her *personal property* to secure a debt of a third person other than her husband, from which transaction neither she nor her estate derived any benefit?

"If a married woman, joined by her husband, executes under seal a mortgage on her personal property to secure a note made by a corporation and afterward the note, not being under seal, becomes barred by the statute of limitations, is such bar a defense available to the married woman in an action thereafter brought against her to foreclose the mortgage?"

We think the questions presented must be determined and resolved adversely to the appellant on the authority of the opinion and judgment of this Court in Mercantile Exchange Bank v. Taylor, 51 Fla. 473, 41 So. 22. This conclusion is supported by the opinion and judgment in Blood v. Hunt, 97 Fla. 551, 121 So. 886, and on authority of the opinions and judgments in these cases the decree appealed from should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.