BANK OF WILDWOOD, a Corp., v. HARRY L. KERL, et al.

189 So. 866
Opinion Filed June 9, 1939
Rehearing Denied July 1, 1939

528

*H. C. Collins,* for Appellant;

*P. C. Gorman,* for Appellees.

BROWN, J.—Plaintiff filed its bill in the Circuit Court for Sumter County for the foreclosure of a mortgage on certain lands lying within said county, which mortgage was executed by Harry L. Kerl and A. L. Miller and their respective wives. The bill of complaint alleges that the defendants, being indebted to plaintiff, executed and delivered to it on the 23rd day of November 1926, a note in the sum of $1,100, due and payable November 23, 1929, and also executed and delivered to the plaintiff a mortgage securing said note, a copy of the note and the mortgage being attached to the bill and made a part thereof. The copy of the note so attached shows that it is not under seal.

Among other things the mortgage describes the note and bears these provisions:

"And the said mortgagors for them and their heirs, legal representatives and assigns, hereby covenant and agree:

"1. To pay all and singular the principal and interest

and other sums of money payable by virtue of said promis-- sory notes and this deed, or either, promptly on the days respectively the same severally come due.

"3. To pay all and singular the costs charges and expenses, including lawyer's fees, reasonably incurred or paid at any time by said mortgagee, its successors, legal representatives or assigns, because of the failure on the part of. the said mortgagors, their heirs, legal representatives or assigns, to perform, comply with and abide by each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, and every such payment shall bear interest from date at .the rate of Eight per cent per annum."

The bill also alleges that two small payments were made on the principal of the note by Kerl and Miller in 1930 and 1931. To this bill of complaint, A. L. Miller filed his answer the pertinent parts of which are contained in paragraph 7.

"And for further answer to each and every allegation of the bill of complaint, and as to any application made in this cause for a deficiency judgment for costs or otherwise against this defendant, this defendant says:

"(a) That the alleged cause of action did not accrue within five years before this suit.

"(b) That the alleged cause of action did not accrue within five years before this suit, and this defendant did not at any time make any payment whatsoever to the plaintiff, and did not authorize anyone to make a voluntary payment, or otherwise, for him; that although the bill of complaint was filed in this cause on July 27, 1932, and summons on that date issued, said summons was never delivered to the proper officer to be served; that alias summons was issued on March 3, 1936, and delivered to the proper officer for service, which was more than five years after the alleged

cause of action accrued; that this defendant has not at any time since November 23, 1939, acknowledged any indebtedness to the plaintiff, or authorized anyone to do so for him, nor has this defendant since November 23, 1939, voluntarily paid either principal or interest of said mortgage note, nor authorized anyone to do so in his behalf, and that the alleged cause of action of the plaintiff, insofar as the plaintiff is entitled to a deficiency judgment against this defendant, for either principal or interest, has not accrued within five years before this suit."

Plaintiff thereupon made a motion to strike the above sub-paragraphs, and the court in denying the motion stated:

"The court finds as a matter of law that the covenant of the said defendant, to-wit: 'To pay all and singular the principal and interest, and other sums of money payable by virtue of said promissory notes, and this deed, or either, promptly on the days respectively the same severally come due' contained in the mortgage sought to be foreclosed herein, is not such a covenant that would be a basis for an action at law for damages from the breach thereof, if the facts alleged in said sub-paragraphs are true and that consequently if the facts alleged in said sub-paragraphs are true this court would have no authority to enter a deficiency decree against the said A. L. Miller in case the property involved does not sell for a sufficient sum to pay the amount due the mortgagee."

Plaintiff entered its appeal from this order. The mortgage was under seal and the note was not.

It is contended by appellant that there are two separate and distinct promises to pay the debt, one contained in the note and the other in the mortgage, each promise being entirely independent of the other. Therefore he words his first question thus: "Where there are two separate and independent promises to pay a debt, each controlled by a

different period of limitation, which period should prevail in an action brought upon the promise governed by the longer period of limitation?"

The quoted question thus framed assumes the existence of one element of the problem which the lower court has decided does not exist, as the Circuit Judge's order (above quoted) shows clearly that he was of the opinion that the covenant in the mortgage "is not such a covenant that would be a basis for an action at law for damages from the breach thereof."

Counsel for appellees admit that it is settled law in this state that a mortgage under seal can still be enforced against the mortgaged property after the notes evidencing the debt have become barred by the statute of limitations. In Ellis v. Fairbank, 38 Fla. 257, 21 So. 107, this Court held:

"It is settled beyond any doubt or cavil in this State that the fact that the remedy at law is barred by the statute of limitations upon the promissory notes secured by a mortgage under seal does not affect the lien of the mortgage, and that such lien is only affected by the longer term which by the statute is applied to sealed instruments. Jordan v. Sayre, 24 Fla. 1, 3 So. 329; Browne v. Browne, 17 Fla. 607."

It is contended by appellees that a personal judgment or deficiency decree can not be entered against him in this foreclosure proceeding because the debt itself, as evidenced by the note, has become barred by the running of the statute of limitations.

In 37 C. J. 704, Section 23, it is stated: "No deficiency judgment or decree can be made in foreclosure proceedings where the debt secured by a mortgage is barred by the statute of limitations."

The case of Mercantile Exchange Bank v. Taylor, 51 Fla. 473, 41 So. 22, and Wisdom v. Smith, 124 Fla. 371,

168 So. 814, did not involve this exact question. In Jones on Mortgages, 8th ed., Vol. 11, Sec. 1545, it is stated:

"There can be no decree for the deficiency after the debt is barred. It was held, however, in an Arkansas case, that a court of equity is not precluded, in a suit for the foreclosure of the mortgage given to secure the debt, from rendering a decree against the mortgagor for any remainder of the debt not satisfied· by the sale. This decision was made on the ground that such decree is an incident to the decree of foreclosure, and that when a court of equity once takes jurisdiction of a case it will retain it for the purpose of, complete relief. But this cannot be regarded as sound law; and *in other states a judgment for a deficiency is barred when the debt is barred, though an action to foreclose the mortgage is not barred.*"

The following cases are cited: Thompson v. Cheeseman, 15 Utah 43, 48 Pac. 477; Birnie v. Maine, 29 Ark. 591; Michigan Ins. Co. v. Brown, 11 Mich. 266; Hulbert v. Clark, 57 Hun. 558, 11 N. Y. S. 417; Slingerland v. Sherer, 46 Minn. 422; 49 N. W. 237; Wiswell v. Baxter, 20 Wis. 680.

The motion to strike admits the allegations of the answer, and under this alleged set of facts the note secured by the mortgage here under consideration is barred by the five-year statute of limitations, as it is not under seal.

The only question then is whether or not the covenant in the mortgage, the latter being an instrument under seal which is governed by the twenty-year period of limitations, is sufficient to bind the mortgagor personally for the debt, in such sort as to avoid the effect of the five-year statute of limitations governing actions on instruments not under seal, and authorize a deficiency decree if there should be a deficiency after the foreclosure sale.

We must agree with the lower court in holding that this covenant is not sufficient to bring about this result. The

debt evidenced by the promissory note has become barred by the running of the statute upon the note, if the facts alleged in the answer are true. It follows that no deficiency decree or personal judgment can be entered against the defendant in error, A. L. Miller, unless the evidence, when taken, shows that the statute of limitations of the unsealed note has been tolled by the payments made thereon by Miller and Kerl as alleged in the bill. In this connection, see Coker v. Phillips, 89 Fla. 283, 103 So. 612.

We have examined the briefs and transcript and no reversible orror has been made to appear. The order appealed from is accordingly affirmed and the cause remanded to the trial court.

Affirmed.

WHITFIELD and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.