ALROPA CORPORATION v. ALBERT McNAMEE.

197 So. 514
En Banc
Opinion Filed July 23, 1940

*Harold Spaet* and *Harold C. Costello,* for Plaintiff in Error;

*G. W. Fleenor,* for Defendant in Error.

BUFORD, J.—Plaintiff in error filed suit in the Circuit Court in and for Okeechobee County and based his cause of action on a covenant contained in a mortgage as follows: "To pay all and singular the principal and interest and other

sums of money payable by virtue of the said promissory notes and this deed, or either, promptly on the days respectively the same severally become due."

He attached to his declaration and made a part thereof copies of the notes which the mortgage was given to secure. The notes were dated March 12, 1925, were three (3) in number, were for $200.00 each and were due, respectively, one, two, and three years after date. They were not under seal.

Demurrer to the declaration was sustained and judgment entered thereupon for defendant.

It will be observed that by the covenant relied upon the makers did not unconditionally promise 'to pay the debt evidenced by the note but the promise was to pay all and singular the principal and interest and other sums of money payable by virtue of the said promissory notes and this deed, or either." (Emphasis supplied.)

This was not sufficient to constitute an unconditional independent covenant to pay the debt but was a covenant to pay such sums as might be required to be paid under the terms of the notes. In other words, this covenant was an agreement to be bound as far as the notes would bind the makers. Therefore, any defense applicable to the note would constitute a defense against the enforcement of this covenant.

The declaration shows on its face that the notes were barred by the statute of limitations.

While the lien of the mortgage is enforceable to apply to payment of the debt which exists though the mortgage may not be enforceable because the mortgage creates a lien for that purpose it does not follow that the debt is collectible by *virtue* of the notes.

Where plaintiff sues at law on a covenant such as we have here the declaration must show by apt allegations that

the debt is collectible by *virtue* of the notes mentioned in the covenant. The declaration here does not so allege.

In the case of Wilson v. Smith, 124 Fla. 371, 168 Sou. 814, we had under consideration a different covenant. There the covenant was:

"The parties of the first part do covenant and agree that the said Ruth M. Wisdom is the owner of the above described personal property and that they will pay or cause to be paid the indebtedness secured by this instrument according to the true tenor and effect of the promissory note above described, or of any renewal notes, and should it become necessary to collect such indebtedness through or by an attorney, that they will pay all costs of such collection, including a reasonable attorney's fees."

This was an independent unconditional agreement to pay the indebtedness secured by the mortgage and was more than an agreement to pay "sums of money payable by *virtue* of said promissory notes and this deed, or either."

In the case of Bank of Wildwood v. Kerl, *et al.,* 138 Fla. 527, 189 Sou. 866, we had under consideration a case in which the record showed that the notes given to secure the mortgage were barred by the statute of limitations and the covenant relied on contained in the mortgage was identical with the covenant involved in the present suit, and there we held:

"A covenant within a mortgage under seal providing that mortgagor would pay sums payable by virtue of note secured by mortgage was not sufficient to bind mortgagor personally for the debt; and hence, if note, which was not under seal, was barred by five-year statute of limitations, a deficiency judgment could not be entered against mortgagor in foreclosure proceedings. (Comp. Gen. Laws 1927, Sec. 4663, Subd. 3)."

We deem it unnecessary to cite cases from other jurisdictions because the point at issue appears to have been settled by opinions and judgments of this Court and on authority of the opinion and judgment in the case of Bank of Wildwood v. Kerl., *et al., supra,* the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to judgment.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.