**THOMAS E. SWANSON v. E. R. BENNETT and G. A. PRICE**

25 So. (2nd) 207                      January Term, 1946
February 22, 1946                             En Banc
Rehearing denied March 29, 1946.

*Carl A. Hiaasen,* and *McCune, Hiaasen & Fleming,* for appellant.

*John E. Morris* and *Rogers, Morris & Griffis* for E. R. Bennett, and *McKay Dixon & DeJarnette* for G. A. Price, appellees.

SEBRING, J.:

E. R. Bennett gave to Thomas E. Swanson and J. L. Varn his promissory notes not under seal to evidence a debt he owed them. For the purpose of securing the debt he also gave them at the same time a mortgage on certain of his real property, copies of the notes being incorporated in the mortgage. The mortgage contained the provision: "Provided, always, that if said mortgagors, their heirs, legal representatives or assigns, shall pay to the said mortgagees, their legal representatives or assigns, 6 certain promissory notes, a copy of which is on the reverse side hereof, . . . then this mortgage and the estate hereby created shall be void, otherwise the same shall remain in full force and virtue. And the said mortgagors covenants to pay the interest and principal promptly when due . . . Should any of the above covenants be

broken, then said note *and all moneys secured hereby* shall without demand, if the mortgagees, their legal representatives or assigns so elect at once become due and payable and the mortgage be foreclosed, and all costs and expenses of collection of *said moneys* by foreclosure *or otherwise,* including solicitor's fees, shall be paid by the mortgagors, and the same are hereby secured." (Italics supplied).

Subsequently, but before default in the mortgage, Bennett, the mortgagor, conveyed the property covered by the mortgage to G. A. Price by warranty deed. The deed contained the recital: "It is understood and agreed that this deed is given subject to and the Grantee hereby assumes and agrees to pay the following outstanding mortgages all dated June 15, 1925 and payable as follows: . . . $3,639.66 due on or before three years payable to J. L. Varn & Thos. E. Swanson, all bearing 8% interest from date."

Thereafter Varn assigned his interest in the indebtedness evidenced by the notes and secured by the mortgage to Swanson. On February 16, 1945—more than five years, but less than twenty years, after the due date of the notes and mortgage—Swanson brought an action of covenant against Bennett, the mortgagor, and Price, the grantee under the warranty deed. The Declaration in the case relied on the mortgage as the covenant under seal for the obligation of Bennett, the mortgagor, to pay the past due debt for which the mortgage and notes were given; and it relied on the covenant of assumption contained in the warranty deed under seal for the obligation of Price, the grantee, to discharge the indebtedness. The defendants demurred to the declaration on the ground that the cause of action was barred by the five-year statute of limitations applicable to contracts and notes not under seal. The demurrers were sustained by the trial judge on the authority of Alropa Corporation v. McNamee, 143 Fla. 785, 197 So. 514; and the plaintiff declining to plead further, final judgment was entered. The plaintiff has taken an appeal from the judgment.

We think that it is the generally accepted rule that if a mortgage contains a personal covenant whereby the mortgagor unconditionally promises to pay the debt for which

the mortgage has been given as security, an action at law may be maintained on the covenant within the period of limitations applicable to sealed instruments, even though an unsealed promissory note given in the same transaction as evidence of the indebtedness may be barred by a shorter period of limitations. See Brown v. Cascaden, (Ia.) 43 Runnells 103; Earnshaw v. Stewart, 64 Md. 513, 2 A. 734; Lembeck & Betz Eagle Brewing Co. v. Krause, 94 N.J.L. 219, 109 A. 293; Dinniny v. Gavin, 4 App. Div. 298, 39 N.Y.S. 485, aff. 159 N.Y. 556, 54 N.E. 1090; Ogden v. Bradshaw, 161 Wis. 49, 150 N.W. 399, 152 N.W. 654; Morgan v. Niswonger, 123 Or. 79, 260 P. 1010; Lincoln Nat. Life Ins. Co. v. Kelly, (N.D.), 17 N.W. (2nd) 906; Guardian Depositors Corp. v. Savage, 287 Mich. 193, 283 N.W. 26, 124 A.L.R. 635, and note at page 645; 37 Am. Jur. p. 238, Mortgages Sec. 862; Jones on Mortgages, 8th Ed. Secs. 9, 1579. This rule has been recognized in this jurisdiction, Taylor v. Thomas, 111 Fla. 252, 149 So. 397; Wisdom v. Smith, 124 Fla. 371, 168 So. 814; and though Alropa Corporation v. McNamee, 143 Fla. 785, 197 So. 514, and Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866, may seem to have arrived at a contrary conclusion it is only because of the peculiar provisions of the mortgage covenant there under consideration, which differs materially from the covenant involved in the case at bar. In those cases the covenant was "To pay all and singular the principal and interest and other sums of money payable *by virtue* of the said promissory notes and this deed, or either, promptly on the days respectively the same severally become due." (Italics supplied). It was held by this court that this was not an unconditional promise to pay the debt but only a covenant to pay such sums as might be required to be paid under the terms of the notes and laws applicable thereto, including the statute of limitations. Stated differently, it was the view of the court that by the covenant inserted in the mortgage the mortgagor agreed to become bound for the payment of the debt only to the extent that under existing law the obligation of the notes could be enforced against the maker, and that consequently any defense that could be interposed to defeat suit on the notes could likewise be interposed to defeat the enforcement

of the covenant in the mortgage. Having reached this conclusion, the court sustained the demurrer to the declaration in the case because the declaration showed on its face that the notes referred to in the covenant were barred by the five-year statute of limitations.

In the covenant contained in the mortgage given by Bennett there is no such restriction or limitation as appears in the mortgage in Alropa Corporation v. McNamee, supra. By its plain terms the mortgagor unconditionally bound himself "to pay the interest and principal promptly when due." The "interest and principal" referred to is the interest and principal of the debt evidenced by the six promissory notes given by Bennett, copies of which appear in the mortgage. Bennett also unconditionally bound himself to pay the costs of collecting the debt, including a solicitor's fee, if because of default in payment of the debt it became necessary to resort to any lawful remedy to enforce the obligation. We think that this covenant, unlike the covenant in Alropa Corporation v. McNamee, supra, is a clear, independent and unequivocal promise to pay the obligation, which may be enforced by the mortgagee in an action at law, notwithstanding the fact that the remedy to enforce the notes evidencing the indebtedness is barred by the five-year statute of limitations.

The remaining question presented in briefs concerns the liability of price, the grantee of the property. The grantee argues that because of the fact that the five-year statute of limitations has run on the note given by Bennett to the mortgagees, Swanson and Varn, he may not be held liable on his covenant of assumption.

It is alleged in the declaration that Price accepted the warranty deed conveying title and caused the same to be recorded with full and express knowledge of the provisions therein whereby he assumed and agreed to pay the indebtedness. The liability of Price, therefore, is ruled by Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 51 A.L.R. 976, wherein it is held: "Where a grantee in a deed poll knowingly accepts a deed in which the consideration is expressed as a certain amount, and 'other valuable considerations' and such deed contains a clause that the grantee assumes the payment of a

specified mortgage debt upon the land conveyed he is as effectually bound by said deed as though it was an indenture deed inter partes. It therefore follows that a plea of the statute of limitations that the debt sued upon did not accrue within five years is not applicable to a suit based upon the liability of the defendant as evidenced by the acceptance of a deed poll, knowing that such deed contained a clause that the grantee assumes a specified mortgagee debt upon the land." See also Shirey v. Dowling, 155 Fla. 433, 20 So. (2nd) 500.

It follows that the judgment appealed from must be reversed and it is so ordered.

TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, C. J., dissents.