ANSTEAD, Judge,
dissenting.
Appellant, Abraham Ehrlich, held a mortgage executed by both appellees, Raymond (Raymond) and Diane (Diane) Mangicapra. The mortgage secured payment of a promissory note executed by Raymond but not by Diane. Appellant sought to foreclose the mortgage and also to have Diane held personally liable on the balance due on the note based on a covenant in the mortgage which provides:
And the mortgagor hereby further covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for in said note and this mortgage, or either....
Ehrlich now appeals a trial court order dismissing with prejudice Ehrlich’s claim against Diane based upon the covenant in the mortgage.
In Swanson v. Bennett, 157 Fla. 113, 25 So.2d 207, 208-09 (1946), the supreme court stated:
We think that it is the generally accepted rule that if a mortgage contains a personal covenant whereby the mortgagor unconditionally promises to pay the debt for which the mortgage has been given as security, an action at law may be maintained on the covenant within the period of limitations applicable to sealed instruments, even though an unsealed promissory note given in the same transaction as evidence of the indebtedness may be barred by a shorter period of limitations. (Citations omitted). This rule has been recognized in this jurisdiction, Taylor v. Thomas, 111 Fla. 252, 149 So. 397; Wisdom v. Smith, 124 Fla. 371, 168 So. 814; and though Alropa Corporation v. McNamee, 143 Fla. 785, 197 So. 514, and Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866, may seem to have arrived at a contrary conclusion it is only because of the peculiar provisions of the mortgage covenants there under consideration, which differ materially from the covenant involved in the case at bar. In those cases the covenant was “To pay all and singular the principal and interest and other sums of money payable by virtue of the said promissory notes and this deed, or either, promptly on the days respectively the same severally become due.” (Italics supplied.) It was held by this court that this was not an unconditional promise to pay the debt but only a covenant to pay such sums as might be required to be paid under the terms of the notes and laws applicable thereto, including the statute of limitations. Stated differently, it was the view of the court that by the covenant inserted in the mortgage the mortgagor agreed to become bound for the payment of the debt only to the extent that under existing law the obligation of the notes could be enforced against the maker, and that consequently any defense that could be interposed to defeat suit on the notes could likewise be interposed to defeat the enforcement of the covenant in the mort *702 gage. Having reached this conclusion, the court sustained the demurrer to the declaration in the case because the declaration showed on its face that the notes referred to in the covenant were barred by the five-year statute of limitations.
In the covenant contained in the mortgage given by Bennett there is no such restriction or limitation as appears in the mortgage in Atropa Corporation v. McNamee, supra. By its plain terms the mortgagor unconditionally bound himself “to pay the interest and principal promptly when due.” The “interest and principal” referred to is the interest and principal of the debt evidenced by the six promissory notes given by Bennett, copies of which appear in the mortgage. Bennett also unconditionally bound himself to pay the costs of collecting the debt, including a solicitor’s fee, if because of default in payment of the debt it became necessary to resort to any lawful remedy to enforce the obligation. We think that this covenant, unlike the covenant in Atropa Corporation v. McNamee, supra, is a clear, independent and unequivocal promise to pay the obligation, which may be enforced by the mortgagee in an action at law, notwithstanding the fact that the remedy to enforce the notes evidencing the indebtedness is barred by the five-year statute of limitations. F.S.A. § 95.11.
See also Alropa Corp. v. McNamee, 143 Fla. 785, 197 So. 514 (1940) and Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866 (1939). Thus, under Swanson, the rule appears to be that when a mortgage contains a covenant which is sufficient to constitute a clear, independent and unequivocal promise to pay the amount provided for in the note it secures, a party may sue to enforce the promise and his recovery is not limited to the mortgaged property.
I do not believe the covenant involved in Swanson is distinguishable from the covenant involved herein. If anything the covenant here is a clearer expression of an obligation to pay. No one contends that Swanson has been overruled in some way or that its holding has been receded from by the supreme court. That being the case, and being bound by the law as announced by the supreme court in Swanson, I am obligated to dissent from the majority’s affirmance of the trial court order exonerating Diane from personal liability under the covenant in the mortgage.