OPINION ON REHEARING

ANSTEAD, Judge.
We grant appellant’s motion for rehearing and now reverse.
Appellant, Abraham Ehrlich, held a mortgage executed by both appellees, Raymond (Raymond) and Diane (Diane) Mangi-capra.[1] The mortgage secured payment of a promissory note executed by Raymond but not by Diane. Ehrlich sought to foreclose the mortgage, and also to have Diane held personally hable on the balance due on the note based on a covenant in the mortgage which provides:
And the mortgagor hereby farther covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for in said note and this mortgage, or either....
Ehrlich now appeals a trial court order dismissing with prejudice his claim against Diane asserting her personal liability for the balance due on the note based upon this covenant.
In Swanson v. Bennett, 157 Fla. 113, 115-17, 25 So.2d 207, 208-09 (1946), the supreme court held that a similar mortgage covenant would support an action against a mortgagor, notwithstanding the lack of a viable cause of action against the mortgagor on the note itself. The court stated:
We think that it is the generally accepted rule that if a mortgage contains a personal covenant whereby the mortgagor unconditionally promises to pay the debt for which the mortgage has been given as security, an action at law may be maintained on the covenant within the period of limitations applicable to sealed instruments, even though an unsealed promissory note given in the same transaction as evidence of the indebtedness may be barred by a shorter period of limitations. (Citations omitted). This rule has been recognized in this jurisdiction, Taylor v. Thomas, 111 Fla. 252, 149 So. 397; Wisdom v. Smith, 124 Fla. 371, 168 So. 814; and though Alropa Corporation v. McNamee, 143 Fla. 785, 197 So. 514, and Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866, may seem to have arrived at a contrary conclusion it is only because of the peculiar provisions of the mortgage covenants there under consideration, which differ materially from the covenant involved in the case at bar. In those cases the covenant was “To pay all and singular the principal and interest and other sums of money payable by virtue of the said promissory notes and this deed, or either, promptly on the days respectively the same severally become due.” (Italics supplied.) It was held by this court that this was not an unconditional promise to pay the debt but only a covenant to pay such sums as might be required to be paid under the terms of the notes and laws applicable thereto, including the statute of limitations. Stated differently, it was the view of the court that by the covenant inserted in the mortgage the mortgagor agreed to become bound for the payment of the debt only to the extent that under existing law the obligation of the notes could be enforced against the maker, and that consequently any defense that could be interposed to defeat suit on the notes could likewise be interposed to defeat the enforcement of the covenant in the mortgage. Having reached this conclusion, the court sustained the demurrer to the declaration in the case because the declaration showed on its face that the notes referred to in the covenant were barred by the five-year statute of limitations.
*704 In the covenant contained in the mortgage given by Bennett there is no such restriction or limitation as appears in the mortgage in Alropa Corporation v. McNamee, supra. By its plain terms the mortgagor unconditionally bound himself “to pay the interest and principal promptly when due.” The “interest and principal” referred to is the interest and principal of the debt evidenced by the six promissory notes given by Bennett, copies of which appear in the mortgage. Bennett also unconditionally bound himself to pay the costs of collecting the debt, including a solicitor’s fee, if because of default in payment of the debt it became necessary to resort to any lawful remedy to enforce the obligation. We think that this covenant, unlike the covenant in Alropa Corporation v. McNamee, supra, is a clear, independent and unequivocal promise to pay the obligation, which may be enforced by the mortgagee in an action at law, notwithstanding the fact that the remedy to enforce the notes evidencing the indebtedness is barred by the five-year statute of limitations. F.S.A. § 95.11.
Thus, under Swanson, when a mortgage contains a clear, independent and unequivocal promise to pay the amount provided for in a note, a mortgagee may sue to enforce that promise, and her recovery is not limited to the mortgaged property. See also 55 Am. Jur.2d Mortgages § 135 (1971); 59 C.J.S. Mortgages § 341 (1949); Hilpert v. Commissioner, 151 F.2d 929 (5th Cir.1945); Stamper v. Link, 117 Ind.App. 212, 69 N.E.2d 600 (1946), mandate modified, 117 Ind.App. 212, 71 N.E.2d 128 (1947); Hoskins v. Black, 226 S.W. 384 (Ky.1920).
We do not believe the covenant involved herein can be meaningfully distinguished from the covenant involved in Swanson. If anything, the covenant here is a clearer expression of an obligation to pay. The covenant here, like the covenant in Swanson, is an unconditional promise to pay the amount due in the referenced note. The covenant does not contain words of limitation such as were involved in Alropa Corporation v. McNamee. In Alropa, the covenant limited the promise to pay to the obligation existing by virtue of the note. The covenant here contains a promise to pay the amounts provided for in the note rather than conditioning payment on the legal obligation already existing by virtue of the note.
While the facts of Swanson are slightly different, the proposition of law announced therein is clearly controlling here. Further, no one contends that Swanson has been overruled or receded from by the supreme court. That being the case, we are bound by the law as announced therein.
Accordingly, we reverse and remand for further proceedings consistent herewith.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The mortgage is a RAMCO form RE6, mortgage deed, long form.